J.R. MAXFIELD, Jr., Appellant,

v.

John Robert TERRY, as Personal Representative of the Estate of Marie S. Maxfield, Deceased.

No. 05–93–00072–CV.

Court of Appeals of Texas, Dallas.

Dec. 30, 1993.

Donald P. Wiley and Mark Mueller, Dallas, for appellant.

Scott Pelley, Sherman, for appellee.

Before BAKER, BURNETT and WHITTINGTON, JJ.

## OPINION

BAKER, Justice.

We determine that J.R. Maxfield, Jr. did not perfect his appeal from the summary judgment for John Robert Terry. We dismiss his points of error one and two for want of jurisdiction. J.R.'s third point of error depends upon a favorable ruling on his first two points. Because we lack jurisdiction over the first two points, his third point is without merit. We overrule it. We affirm the probate court's judgment.

### FACTUAL BACKGROUND

This appeal involves an inter-family will contest. Marie S. Maxfield, deceased, was a life long resident of Dallas, Texas. One month before her death Marie checked into a nursing home in Pinellas County, Florida. Marie's brother William Maxfield, M.D. lived in Pinellas County. Nursing home records listed William as Marie's treating physician. Two weeks before her death, Marie executed a will appointing William's attorney, Terry,

as her personal representative. The will left Marie's estate to William's three children. The will recites Marie's domicile as Pinellas County, Florida.

The Florida probate court admitted the will to probate. Terry filed a petition for ancillary probate of the foreign will in Dallas County to dispose of Marie's real property. J.R. Maxfield, Jr., Marie's other brother, promptly contested the will in Terry's Texas probate proceeding.

## PROCEDURAL BACKGROUND

J.R. filed a notice of will contest in a foreign jurisdiction with the Dallas County probate court. J.R. pursued a contest of Marie's will in Florida until the day before trial. At that point J.R. voluntarily dismissed his Florida will contest.

J.R. then filed suit for declaratory relief in the Texas probate court. He sought a declaration that Marie was a domiciliary of Texas, not Florida. J.R. had previously filed an application for letters of administration of Marie's estate. In that action J.R. claimed Marie lacked capacity to execute the will. The probate court assigned two different cause numbers to J.R.'s suits. It assigned cause number 91–04482–P to his application for letters of administration and cause number 91–04482–P(A) to the declaratory relief suit.

Terry moved for summary judgment in the declaratory judgment action. The probate court granted the summary judgment motion. The court entered a final judgment on September 2, 1992. J.R. moved for a new trial, which the probate court denied.

The probate court entered a final order denying J.R.'s application for letters of administration on November 5, 1992. J.R. moved for new trial. The probate court overruled J.R.'s motion for new trial by operation of law.

J.R. filed an affidavit of inability to pay costs in each suit. J.R. identified the affidavit for each suit by its cause number. The county court clerk contested J.R.'s affidavit in each action. After a hearing, the court sustained the contest to J.R.'s affidavit in both actions. J.R. then filed a cash deposit instead of a cost bond in cause number 91–04482–P.

## THE DECLARATORY JUDGMENT ACTION CAUSE NO. 91–04482–P(A)

In his first and second points of error, J.R. contends the probate court erred in granting Terry's summary judgment motion.

### A. Applicable Law

■ A party can appeal final orders of the probate court. TEX.PROB.CODE ANN. § 5(f) (Vernon Supp.1993); *Fischer v. Williams*, 160 Tex. 342, 331 S.W.2d 210, 213 (1960); *Bergeron v. Session*, 554 S.W.2d 771, 775 (Tex.Civ.App.—Dallas 1977, no writ). A probate order is final if it disposes of the issue or controverted question for which a party brought that particular part of the proceeding, though the order does not dispose of the entire probate proceeding. *See Fischer*, 331 S.W.2d at 213; *Bergeron*, 554 S.W.2d at 775. A party perfects an appeal when the party files or makes the cost bond, cash deposit, or affidavit of inability to pay costs. TEX. R.APP.P. 40(a)(1). If the trial court sustains a contest of a party's affidavit of inability to pay costs, the party must file a cost bond to perfect appeal. TEX.R.APP.P. 41(a)(2).

■ The probate code excuses executors, administrators, and guardians from filing cost bonds to perfect appeals from the probate court. TEX.PROB.CODE ANN. § 29 (Vernon 1980). Otherwise, a cost bond, cash deposit, or affidavit of inability to pay costs is a mandatory jurisdictional step in perfecting an appeal. *Davies v. Massey*, 561 S.W.2d 799, 801 (Tex.1978); *Ashmore v. North Dallas Bank & Trust*, 804 S.W.2d 156, 158 (Tex. App.—Dallas 1990, no writ). A court of appeals does not have jurisdiction over an appeal of probate orders by parties that have not filed a timely cost bond, cash deposit, or affidavit of inability to pay costs. *See Duke v. Lloyd*, 584 S.W.2d 742 (Tex.Civ.App.—Waco 1979, no writ).

■ Failure to follow the *Davies* rules requires dismissal of the appeal. *Ashmore*, 804 S.W.2d at 158; *Abington v. Goss*, 408 S.W.2d 317, 318 (Tex.Civ.App.—Dallas 1966,

writ ref'd n.r.e.). Because of its fundamental nature, a court must consider, even sua sponte, the question of its jurisdiction. *See Batton v. Green*, 801 S.W.2d 923, 925 (Tex. App.—Dallas 1990, no writ). If the appellate court has no jurisdiction of the appeal, then it must dismiss the appeal. *Batton*, 801 S.W.2d at 926.

### B. Application of Law to the Facts

J.R. filed an affidavit of inability to pay costs for each of his suits. The county court clerk contested the affidavit for each suit. The probate court held a hearing on the affidavits and sustained the contests. J.R. then filed a cash deposit for the application of letters of administration appeal, cause number 91–04482–P. J.R. did not file a cost bond or cash deposit in the declaratory relief appeal, cause number 91–04482–P(A).

■ We hold a party must file a separate cost bond, cash deposit, or affidavit of inability to pay for each of the probate court's final orders. Once the probate court sustained the contest to J.R.'s affidavits of inability to pay costs, the law required J.R. to file a cost bond or cash deposit for each proceeding. Making a cash deposit for the application for letters of administration suit did not perfect an appeal for the declaratory relief suit.

J.R. did not perfect his appeal of the suit for declaratory relief. We must dismiss an appeal over which we lack jurisdiction. J.R.'s points of error one and two concern the propriety of granting Terry's summary judgment motion. We dismiss them for want of jurisdiction.

### THE LETTERS OF ADMINISTRATION ACTION 1 CAUSE NO. 91–04482–P

In his third point of error, J.R. asserts that the probate court based its order denying his application for letters of administration on the summary judgment for Terry in the declaratory relief suit. J.R. argues that since the probate court erroneously granted Terry's summary judgment motion, the order denying him letters of administration is also erroneous. Because we lack jurisdiction over the summary judgment, it is final and binding on the parties and this Court. There-

fore, the probate court properly denied J.R.'s application for letters based upon the summary judgment. We overrule J.R.'s third point of error.

### CONCLUSION

We hold that the law required J.R. to file a cost bond or make a cash deposit for each final order when the probate court sustained the contest to his affidavits of inability to pay costs. We dismiss J.R.'s first two points of error because he did not file a cost bond or make the cash deposit necessary to perfect his appeal of the declaratory relief suit. We overrule J.R.'s third point of error because, although he perfected his appeal, he based his argument on the summary judgment in the declaratory relief suit.

We dismiss J.R.'s appeal of the summary judgment in cause number 91–04482–P(A) for want of jurisdiction. We affirm the trial court's judgment in J.R.'s application for letters of administration, cause number 91–04482–P.