**J.R. MAXFIELD, Jr., Petitioner,**

v.

**John Robert TERRY, Respondent.**

No. 94–0160.

Supreme Court of Texas.

June 22, 1994.

---

Donald P. Wiley and Mark Mueller, Dallas, for petitioner.

Scott Pelley and Rayburn M. (Rim) Nall, Sherman, for respondent.

PER CURIAM.

This appeal from a will contest between family members presents the issue of whether the failure to perfect separate appeals from separate orders rendered in the same probate proceeding required the court of appeals to dismiss the appeal of one of the orders for want of jurisdiction. We hold that J.R. Maxfield invoked the jurisdiction of the court of appeals by filing a cash deposit for one of the probate orders, and that the court of appeals erred by *sua sponte* dismissing the appeal of the second probate order for want of jurisdiction. We reverse the judgment of the court of appeals and remand the cause to that court for further proceedings.

On September 7, 1991, Marie Maxfield died in a nursing home in Florida. Her will, executed two weeks prior to her death, appointed John Robert Terry as her personal representative and bequeathed her estate to the children of her brother, William Maxfield. The original death certificate stated her Texas address. It was later amended and replaced the Texas address with a Florida address. Thereafter, probate proceedings were commenced in Florida. J.R. Maxfield, brother of Marie Maxfield, contested the Florida proceedings, alleging that Marie Maxfield was a domiciliary of Texas and thus the will should be probated in Texas. J.R. Maxfield voluntarily dismissed the will contest in Florida and three days later filed a suit in Texas for a declaratory judgment on the domicile issue. This case was assigned cause number 91–04482–P(A).[1] Prior to the declaratory judgment suit, J.R. Maxfield had filed an Application for Letters of Administration in Texas, cause number 91–04482–P. Terry sought a summary judgment in the declaratory judgment action on the basis of *res judicata* asserting that the issue of Marie Maxfield's domicile had been fully litigated in the Florida court. The probate court granted summary judgment in the declaratory judgment action and in a separate order denied J.R. Maxfield his application for letters of administration. Each probate order received its own cause number.[2] On appeal, J.R. Maxfield filed the cash deposit in lieu of bond under cause number 91–04482–P. No cash deposit or bond was filed for the declaratory judgment action, cause number 91–04482–P(A). No cash deposit or bond was filed for the declaratory judgment action, cause number 91–04482–P(A). J.R. Maxfield brought points of error in his brief, however, complaining of the court's decisions with respect to both the letters of administration and the declaratory judgment actions. Terry filed a motion to sever and dismiss a portion of the appeal for want of jurisdiction because

1. The actual document contained the cause number 91–04482–P; however, an (A) was handwritten in after the letter "P" in order to create cause number 91–04482–P(A). An inconsistency among the documents in the transcript exists as some have a handwritten letter "A", some have a typewritten letter "A", and others have no letter after the cause number.

2. The order granting summary judgment in the declaratory judgment action stated "cause number 91–04482–P(A) ancillary to cause number 91–04482–P." The order denying the letters of administration stated "cause number 91–04482–P."

J.R. Maxfield failed to perfect an appeal. The court of appeals overruled the motion and made *no mention* of any "defect" in the appeal. After oral argument, however, the court of appeals dismissed the case for want of jurisdiction on the declaratory judgment action and overruled J.R. Maxfield's point of error on the letters of administration.

 To invoke the jurisdiction of the court of appeals, an instrument must be filed pursuant to Texas Rules of Appellate Procedure 40(a) and 41(a). Recently, in *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex.1993), we stated that, "[i]t is our policy to construe rules reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule." *See e.g. City of San Antonio v. Rodriguez*, 828 S.W.2d 417 (Tex.1992) (failing to put the correct cause number on the cost bond will not preclude appellant's attempt to invoke appellate jurisdiction); *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports*, 813 S.W.2d 499, 500 (Tex.1991) (dismissing appeal is improper "[i]f the appellant timely files a document in a *bona fide attempt* to invoke the appellate court's jurisdiction, [unless] the court of appeals, ... allow[s] the appellant an *opportunity to amend* or refile the instrument ... to perfect the appeal") (emphasis added).

 Although each probate order was final and appealable, the court of appeals dismissed the declaratory judgment order, holding that "a party must file a separate cost bond, cash deposit, or affidavit of inability to pay for each of the probate court's final orders." 870 S.W.2d 614. Under this Court's policy of liberally construing the Rules of Appellate Procedure, J.R. Maxfield made a bona fide attempt to invoke the jurisdiction of the court of appeals by filing one "instrument" for both probate orders. *See e.g. Ashmore v. North Dallas Bank & Trust*, 804 S.W.2d 156, 157–58 (Tex.App.—Dallas 1990, no writ) (invoking appellate jurisdiction over three separate probate orders by filing one notice of appeal). The court of appeals should have given J.R. Maxfield the opportunity to correct any defect in the appeal before dismissing. *Grand Prairie Indep. Sch. Dist.*, 813 S.W.2d at 500.

A majority of the court grants the application of J.R. Maxfield and, without hearing argument, reverses the judgment of the court of appeals and remands to that court for further proceedings in accordance with this opinion. Tᴇx.R.Aᴘᴘ.P. 170.