MEMORANDUM OPINION

No. 04-05-00392-CV

Nelson Wayne MAHAN,

Appellant

v.

Susan BASKERVILLE & Baskerville Family Revocable Living Trust ,

Appellees

From the 37th Judicial District Court, Bexar County, Texas

Trial Court No. 2004-CI-09847

Honorable Andy Mireles , Judge Presiding



Opinion by: Catherine Stone , Justice



Sitting: Catherine Stone , Justice

 Karen Angelini , Justice

 Rebecca Simmons , Justice



Delivered and Filed: June 7, 2006



AFFIRMED

 Nelson Wayne Mahan appeals the trial court's judgment which granted Susan Baskerville's and the Baskerville Family
Revocable Living Trust's (appellees) motion to impose sanctions. We affirm.
Factual and Procedural Background

 Susan Baskerville entered into a contract with Mahan for him to construct homestead improvements. The price was to be
paid on a "costs-plus" basis. Eventually, Mahan brought suit against Baskerville to recover additional money owed for the
work he performed. Baskerville filed a counterclaim alleging numerous causes of action.

 In pursuit of appellees' defenses and counterclaims, they served discovery upon Mahan seeking disclosure of certain
documents. Due to Mahan's failure to timely respond, appellees filed a motion to compel the discovery responses. A
hearing was held, which Mahan failed to attend, and the trial judge ordered the production of the requested documents
without objection, sanctioned Mahan $1800 for discovery abuse, and notified Mahan that future noncompliance could lead
to a dismissal. 

 Mahan failed to comply with the trial court's order; thus, appellees filed a second motion requesting the court hold Mahan
in contempt and order additional sanctions. At the hearing for this motion, the judge granted the motion and reissued the
same order, but the judge reduced the monetary sanction to $900. The order again warned Mahan that failure to comply
with the order could result in entry of a final judgment against him.

 Again, Mahan failed to comply with the court's order and appellees filed a motion to enforce the court's order as well as for
contempt and discovery sanctions. After a hearing, the court ordered that Mahan's claim be dismissed. Subsequently,
appellees filed a motion to sever their counterclaims, which was granted. On appeal, Mahan argues that the trial court
abused its discretion when it dismissed his causes of action with prejudice.
Jurisdiction

 As a preliminary matter, appellees argue that Mahan failed to perfect an appeal of the trial court's dismissal order. 
Appellees argue that Mahan's notice of appeal perfected an appeal of the trial court's granting of the appellees' motion to
sever and not the motion which dismissed Mahan's suit.

 Pursuant to Rule 25.1 of the Texas Rules of Appellate Procedure, an appellant must identify the order on which the appeal
is sought. Tex. R. App. P. 25.1(d). However, Texas courts are to "construe rules reasonably but liberally, when possible, so
that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule." 
Jamar v. Patterson, 868 S.W.2d 318, 319 (Tex. 1993). 

 Here, we believe that Mahan made a bona fide attempt to invoke the jurisdiction of this court. See Maxfield v. Terry, 888
S.W.2d 809, 811 (Tex. 1994). Although Mahan's notice of appeal recognizes the order appealed from was the appellees'
motion to sever, Mahan does state that he is attempting to appeal the case with cause number 2004-CI-09847. This is the
proper cause number for the causes of action he originally filed, which were dismissed by the trial court. Additionally, the
motion to sever, which was granted, was provided a new cause number for the appellees' counterclaims. After a liberal
construction of the rules, we conclude that Mahan has invoked the jurisdiction of this court.

Death Penalty Sanction

 In Mahan's only issue, he contends the trial court erred when it dismissed his case with prejudice. He specifically argues
that he never acted in bad faith and freely provided information when asked; thus, the trial court's judgment of dismissal
constitutes an abuse of discretion.

 Discovery sanctions are authorized by Texas Rule of Civil Procedure 215. Specifically, the trial court is authorized to
strike a party's pleadings and dismiss an action with or without prejudice, i.e., issue "death penalty" sanctions. Tex. R. Civ.
P. 215.2(b)(5). We review the trial court's imposition of sanctions for discovery abuse under an abuse of discretion
standard. TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991). A trial court abuses its
discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. K-Mart
Corp. v. Honeycutt, 24 S.W.3d 357, 360 (Tex. 2000). In assessing sanctions for discovery abuse, the trial court may
consider everything that has occurred during the litigation. Berry-Parks Rental Equip. Co. v. Sinsheimer, 842 S.W.2d 754,
757 (Tex. App.-Houston [1st Dist.] 1992, no writ). When reviewing a trial court's imposition of sanctions, we view
conflicts in the light most favorable to the trial court's ruling, and resolve all inferences in favor of the trial court's judgment. 
Herring v. Welborn, 27 S.W.3d 132, 143 (Tex. App.-San Antonio 2000, pet. denied).

 The purpose of discovery sanctions is threefold: 1) to secure compliance with discovery rules; 2) to deter other litigants
from similar misconduct; and 3) to punish violators. Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 849 (Tex. 1992) (orig.
proceeding). Any sanction imposed under Rule 215.2(b) must be just. Tex. R. Civ. P. 215.2(b); Spohn Hosp. v. Mayer, 104
S.W.3d 878, 882 (Tex. 2003). For the imposition of sanctions to be just, a direct relationship must first exist between the
offensive conduct and the sanction imposed. TransAmerican, 811 S.W.2d at 917. In other words, a just sanction must be
directed against the abuse and toward remedying the prejudice caused to the innocent party. Id. Second, a just sanction
must not be excessive; it should be no more severe than necessary to satisfy its legitimate purposes. Id. To achieve this
end, the trial court must first consider the availability of less stringent sanctions to determine whether lesser sanctions will
fully promote compliance, and deterrence, and discourage further abuse. Chrysler Corp., 841 S.W.2d at 849.

 A death penalty sanction "is of particular concern" because the trial court renders judgment without addressing the merits
of the case. Hamill v. Level, 917 S.W.2d 15, 16 (Tex. 1996). Thus, death penalty sanctions should be imposed only in the
face of flagrant bad faith or conduct that justifies a presumption that the offending party's claims or defenses are meritless.
TransAmerican, 811 S.W.2d at 918.

 Here, we cannot conclude that the trial court's imposition of the death penalty sanction of dismissal was an abuse of
discretion. Mahan was properly served with discovery requests which were never fulfilled, despite being ordered twice to
comply with the requests. When a plaintiff files an action and actively frustrates all legitimate attempts for a defendant to
define the cause of action or investigate a possible defense, a direct relationship exists between the plaintiff's conduct and
the trial court's dismissal. Hernandez v. Mid-Loop, Inc., 170 S.W.3d 138, 144 (Tex. App.-San Antonio 2005, no pet.)
(citing Chasewood Oaks Condos. Homeowner's Ass'n, Inc. v. Amatek Holdings, Inc., 977 S.W.2d 840, 845 (Tex. App.-Fort
Worth 1998, pet. denied)).

 Furthermore, the trial court's actions were not excessive in light of the trial court's prior orders imposing less stringent
sanctions upon Mahan. Mahan was twice ordered to comply with discovery, and each judge warned Mahan that a failure to
comply may result in dismissal. See Chasewood Oaks, 977 S.W.2d at 845 (acknowledging that the trial court's threats of
dismissal illustrated the court's imposition of lesser sanctions). Despite the orders, monetary sanctions, and the threats of
dismissal, Mahan wholly failed to comply. The information requested by appellees consisted of Mahan's bank records,
credit card statements, and other financial records; each of which was necessary for appellees to conduct a defense to
Mahan's claim for additional money owed. Mahan's refusal to comply with the trial court's orders justifies the trial court's
assumption that Mahan's claim lacked merit. See Hernandez, 170 S.W.3d at 144 (stating that the appellant's continued lack
of cooperation, despite the payment of the monetary sanction, illustrates the appellant's meritless claim). 

 Mahan also argues that the failure to respond was due to a mental defect, namely, bipolar disorder. This argument is
similar to the one tried in Hernandez, and it fails for the same reasons. In Hernandez, Hernandez argued that his failures to
comply were a result of his mental incapacity. Id. His attorney argued that he was in need of a guardian; however, the court
concluded that despite this argument, Hernandez was provided ample opportunity to comply with discovery. Id. The same
can be said for Mahan, thus this claim fails.

 "A party who will not 'play by the rules' even after repeated orders to do so should not be allowed to play at all." 
Chasewood Oaks, 977 S.W.2d at 845. The trial court's judgment was just and did not constitute an abuse of discretion. 
Accordingly, Mahan's only issue is overruled.



 Catherine Stone , Justice