Opinion issued July 20, 2006       
     














In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00548-CV




SABRINA ANDREWS, INDIVIDUALLY AND ON BEHALF OF THE
ESTATE OF BERNARD DEAMON NICKERSON, DECEASED, Appellant

V.

RODEO SQUARE APARTMENTS D/B/A THE MINT APARTMENTS,



Appellee




On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2004-03684


 
MEMORANDUM OPINION
                  Appellant, Sabrina Andrews, individually and on behalf of the estate of
Bernard Deamon Nickerson (“Andrews”), appeals a traditional summary judgment
entered in favor of appellee, Rodeo Square Apartments d/b/a The Mint Apartments
(“the Mint Apartments”). We determine whether the trial court (1) erred by granting
the Mint Apartments’s motion for summary judgment and (2) abused its discretion
by denying Andrews’s request to file a late summary-judgment response. We affirm
the judgment of the trial court.Facts
          On December 22, 2002, Bernard Deamon Nickerson (“Nickerson”) died of a
gunshot wound to the head. He was shot at an apartment located at 12770 Rodeo
Square in apartment 2701. At the time of incident, the apartment was occupied by
Nickerson, Shanekoua Woodberry (“Shanekoua”), and Charalette Woodberry
(“Charalette”). Sergeant John Swaim investigated Nickerson’s murder by conducting
a visual examination of the scene and witness interviews.


 Based on his investigation
which revealed the following facts, Sergeant Swaim concluded that the attack was
deliberate and targeted. Two female suspects had knocked on the door of apartment
number 2701 at 2:33 a.m. and asked Shanekoua if “Old Boy” was home. Shanekoua
shut the door and told Nickerson that he had visitors. When Shanekoua returned to
the door to ask the female visitors to leave, two male suspects entered the apartment
and asked for “Cuz.” Shanekoua told them that he was in the back bedroom. Shortly
thereafter, Shanekoua heard a gunshot, the suspects left the apartment, and Nickerson
was found shot in the hallway of the apartment. There were no signs of forced entry
to the dead-bolt lock, the handle lock, or anywhere else in the apartment. Neither
Shanekoua nor Charalette was physically harmed, nor was any property taken from
the apartment.
          Andrews sued the Mint Apartments, alleging causes of action for negligence,
wrongful death, and survival and alleging physical and mental anguish and malice. 
The Mint Apartments moved for summary judgment on January 20, 2005. A hearing
was set for February 18, 2005. The summary-judgment hearing was reset for March
11, 2005. The hearing was again reset, upon Andrews’s motion, for April 1, 2005. 
On April 1, 2005, the Mint Apartments appeared before the trial court for the
scheduled summary-judgment hearing. Andrews did not appear, nor had she
responded to the Mint Apartments’s motion for summary judgment. On April 1,
2005, the trial court granted the Mint Apartments’s motion for summary judgment. 
On April 28, 2005, Andrews filed a motion to vacate the order granting summary
judgment and a motion for new trial. Andrews attached the affidavit of her trial
counsel, George Neely, and her expert, Bernard Ash. The Mint Apartments filed a
response opposing Andrews’s motion to vacate. On May 6, 2005, the trial court
entered an order denying Andrews’s post-judgment motions.
          Compliance with Appellate Procedural Rules
          The Mint Apartments argues that Andrews failed to comply with the applicable
procedural rules because (1) her notice of appeal failed to identify the order denying
her motion for new trial and motion for reconsideration; (2) her motion for new trial
and motion for reconsideration were not included in the appendix of her brief; and (3)
Andrews failed to follow the briefing rules in presenting her point of error. 
A.      Failure to Identify Motions in Notice of Appeal
          The Mint Apartments contends that “[t]he notice of appeal only identifies the
final judgment as the subject of the instant appeal. . . . Having failed to identify the
order denying the Motion for New Trial and Motion for Reconsideration, [Andrews]
has waived her right to appeal those orders.” 
          A notice of appeal must “state the date of the . . . order appealed from.” Tex.
R. App. P. 25.1(d)(2). We must construe the appellate rules reasonably but liberally,
so that the right of appeal is not lost by creating a requirement not absolutely
necessary from the literal words of the rule. Maxfield v. Terry, 888 S.W.2d 809, 811
(Tex. 1994). A court of appeals has jurisdiction over any appeal in which the
appellant files an instrument that was filed in a bona fide attempt to invoke appellate
jurisdiction. Grand Prairie Indep. Sch. Dist. v. S. Parts Imports, Inc., 813 S.W.2d
499, 500 (Tex. 1991). The factor that determines whether jurisdiction has been
conferred on the appellate court is not the form or substance of the perfecting
instrument, but whether the instrument was filed in a bona fide attempt to invoke
appellate court jurisdiction. Walker v. Blue Water Garden Apartments, 776 S.W.2d
578, 581 (Tex. 1989).
          Applying the standard enunciated in Maxfield, we conclude that the notice of
appeal is sufficient to perfect an appeal from the order granting summary judgment
and from the orders denying Andrews’s motion for new trial or motion for
reconsideration. See Maxfield, 888 S.W.2d at 811. 
B.      Requirements of Appellate Brief
          The Mint Apartments contends that Andrews did not comply with appellate
briefing rules because she failed to include an appendix containing the order of which
she complains and because Andrews provides no references to the record in her
briefing on whether the trial court erred in granting summary judgment.
          Requisites of appellate briefs are set forth in rule 38 of the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 38. Rule 38.1(h) requires that an
appellant’s brief contain “a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record.” See Tex. R. App. P. 38(h). 
Rule 38.1(j) provides that, unless an appendix would be voluminous or impracticable,
an appellate brief must include an appendix that contains a copy of (a) the trial court’s
judgment or other appealable order from which relief is sought; (b) the jury charge
and verdict, if any, or the trial court’s findings of facts and conclusions of law, if any;
and (c) the text of any rule, regulation, ordinance, statute, constitutional provision,
or other law (excluding case law) on which the argument is based and the text of any
contract or other document that is central to the argument. See Tex. R. App. P. 38(j).
          In the event that a brief does not comply with rule 38, an appellate court may
require amendment, supplementation, or redrafting. See Tex. R. App. P. 38.9(a). An
appellate court may not dismiss an appeal for formal defects or procedural
irregularities without allowing a reasonable time to correct or to amend those matters.
See Tex. R. App. P. 44.3. 
          The briefing rules found in the Texas Rules of Appellate Procedure “are meant
to acquaint the court with the issues in a case and to present argument that will enable
the court to decide the case.” Tex. R. App. P. 38.9. The rules are to be construed
liberally, and substantial compliance with the rules is sufficient, unless the court
determines that the rules have been flagrantly violated (in which case the court may
require further briefing), that the case has not been properly presented, or that the law
and authorities have not been properly cited (in which case the court may postpone
submission, require additional briefing, or make any other necessary orders for a
satisfactory submission of the case). See Tex. R. App. P. 38.9. Even though
Andrews’s brief does not contain an appendix containing the complained-of order or
judgment, we are readily able to locate those items in the record. Under these
circumstances, we are able to analyze the issues fairly raised in Andrews’s brief
without requiring the delay that would occur from ordering re-briefing.
Summary Judgment
          In her sole point of error, Andrews argues that “[t]he trial court erred and
abused its discretion in refusing to vacate the default summary judgment and grant
a new trial when genuine issues of material fact existed.”
A.      Standard of Review
          In a traditional motion for summary judgment, the movant has the burden of
showing that there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); Am. Tobacco Co. v. Grinnell,
951 S.W.2d 420, 425 (Tex. 1997). When reviewing a summary judgment, we take as
true all evidence favorable to the non-movant, and we indulge every reasonable
inference and resolve any doubts in the non-movant’s favor. Joe v. Two Thirty Nine
Joint Venture, 145 S.W.3d 150, 157 (Tex. 2004). Traditional summary judgment for
a defendant is proper only when the defendant negates at least one element of each
of the plaintiff’s theories of recovery or pleads and conclusively establishes each
element of an affirmative defense. Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910,
911 (Tex. 1997). The non-movant is not required to file a summary judgment
response, and the trial court cannot grant the movant’s traditional summary-judgment
motion merely because the non-movant failed to do so. Rhone-Poulenc, Inc. v. Steel,
997 S.W.2d 217, 222–23 (Tex. 1999). However, when a non-movant fails to respond
to a summary-judgment motion, “the non-movant is limited on appeal to arguing the
legal sufficiency of the grounds presented by the movant.” McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 342–43 (Tex. 1993) (citations omitted). When the
trial court does not specify the grounds on which it ruled, we affirm the summary
judgment if any of the theories presented to the trial court is sufficient to sustain the
judgment. Two Thirty Nine Joint Venture, 145 S.W.3d at 157. 

B.      Analysis
          Andrews contends that the Mint Apartments failed to establish as a matter of
law that it was entitled to summary judgment on Andrews’s negligence claim.


 The
Mint Apartments moved for traditional summary judgment on the grounds that (1) the
incident in question was the result of a superseding cause; (2) the Mint Apartments
owed no duty to Nickerson; (3) the Mint Apartments did not breach any duty to
Nickerson or to Andrews; and (4) any negligence of the Mint Apartments was not the
proximate cause of Nickerson’s death. 
          A common-law negligence cause of action requires proof that (1) the defendant
owed a legal duty to the plaintiff, (2) the defendant breached that duty, and (3) the
breach proximately caused the plaintiff’s injury. D. Houston, Inc. v. Love, 92 S.W.3d
450, 454 (Tex. 2002). The threshold issue in a negligence action is duty. Greater
Houston Transp. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). Whether a duty exists
is usually a question of law for the court to determine.


 Tri v. J.T.T., 162 S.W.3d
552, 563 & n.25 (Tex. 2005). 
          Generally, “a person has no legal duty to protect another from the criminal acts
of a third person.” Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749,
756 (Tex. 1998). A landowner’s duty to protect persons on his property from
criminal conduct exists only when the risk of criminal conduct is so great that it is
both unreasonable and foreseeable. Id. Whether such risk was foreseeable must not
be determined in hindsight, but, rather, in light of what the premises owner knew or
should have known before the criminal act occurred. Id. at 757. In determining
whether the occurrence of certain criminal conduct on a landowner’s property should
have been foreseen, courts should consider whether any criminal conduct previously
occurred on or near the property, how recently it occurred, how often it occurred, how
similar the conduct was to the conduct for which suit was brought, and what publicity
was given the prior occurrences to indicate that the landowner knew or should have
known about them. Id. 
          A matter is conclusively established if reasonable minds cannot differ as to the
conclusion to be drawn from the evidence. Triton Oil & Gas Corp. v. Martinez
Contractors & Supply, Inc., 644 S.W.2d 443, 446 (Tex. 1982). After examining the
evidence presented and indulging every reasonable inference in favor of Andrews, we
hold that the trial court did not err in rendering summary judgment because
reasonable minds could not differ in concluding that the Mint Apartments could not
have foreseen an unreasonable risk of danger of violent crime, such as the targeted
murder that occurred here. The Mint Apartments attached as summary-judgment
evidence Sergeant Swaim’s affidavit that described his investigation of Nickerson’s
murder, which included his visual examination of the scene and witness interviews. 
The summary-judgment evidence established that the attack was deliberate and
targeted. Once the Mint Apartments provided sufficient evidence to establish a right
to summary judgment on the causation element of Andrews’s claim, the burden
shifted to Andrews to produce sufficient evidence to raise a fact issue. See Walker
v. Harris, 924 S.W.2d 375, 377 (Tex. 1996). Andrews failed to raise such fact issue. 
          Andrews relies on Timberwalk for the general rule that a landowner who
affirmatively creates an unreasonable risk of harm owes a duty to foreseeable victims
to prevent the harm. See Timberwalk, 972 S.W.2d at 756 (holding that landowner or
apartment manager has duty to use ordinary care to protect against unreasonable and
foreseeable risk of harm from criminal acts of third parties). Andrews asserts that the
premises security at the Mint Apartments was unreasonable and inadequate because
there was no uniformed security guard, no controlled gate doors or fences, no security
cameras, and inadequate security lights. However, The Mint Apartments’s summary-judgment evidence showed that the murder of Nickerson was deliberate and targeted
and that entry into the apartment was not forced. Andrews did not show below and
does not explain on appeal, that any of these cited measures would have prevented
the alleged perpetrator from coming into Nickerson’s apartment and killing him. 
          Assuming without deciding that the post-judgment evidence attached to
Andrews’s motion to vacate the order granting summary judgment and motion for
new trial could have been and was considered, it does not raise a fact issue. Ash
averred that he examined Sergeant Swain’s report and the records of the Houston
Police Department for calls for services to the Mint Apartments and that those records
reflected that “there were 876 calls for services at the Mint Apartments at one of these
four addresses.”


 Call reports, however, are not necessarily probative of actual
crimes. See Tex. Real Estate Holdings, Inc. v. Quach, 95 S.W.3d 395, 399 (Tex.
App.—Houston [1st Dist.] 2002, pet. denied) (“Call reports include hang-up calls,
mistake calls, missing person calls, information calls, calls for medical assistance, and
calls to report suspected criminal activity.”). 
          Ash also averred that there had been six robberies and eight aggravated assaults
with serious bodily injuries reported at the Mint Apartments. Andrews produced no
evidence that these assaultive crimes were deliberate, targeted crimes, i.e. that they
were crimes similar to the one against Nickerson, as required by Timberwalk. See
Timberwalk, 972 S.W.2d at 759; see also Goode v. Shoukfeh, 943 S.W.2d 441, 446
(Tex. 1997). Ash contended that, had the Mint Apartments inspected police records,
it would have known about the incidents of crime. However, “[p]roperty owners have
no duty to regularly inspect criminal records to determine the risk of crime in the
area.” See Timberwalk, 972 S.W.2d at 759 (requiring these elements as factors in
analysis because foreseeability depends on establishing that landowner had notice of
danger). Further, there is no evidence that any of these crimes was ever reported in
the media, or that the Mint Apartments knew, or had any way of knowing, about
them. 
          The summary-judgment evidence showed that the front door to the apartment
was equipped with a dead-bolt lock and a handle lock. There was no sign of forced
entry. Neither Shanekoua or Charalette was harmed, nor was any property taken from
the apartment. After the summary-judgment burden shifted to her, Andrews produced
no summary-judgment evidence that increased security would have prevented
Nickerson’s murder. Neither did she produce evidence that the Mint Apartments had
knowledge that Nickerson was a target, or that even if it had had such knowledge, it
could have prevented the murder. Accordingly, Andrews did not raise a fac issue on
whether the risk that Nickerson would be targeted for murder was not foreseeable to
the Mint Apartments. 
          Because the summary-judgment order did not specify the ground or grounds
on which the trial court relied for its ruling, we will affirm the summary judgment if
any theory that the Mint Apartments advanced has merit. See Cincinnati Life Ins.
Co. v. Cates, 927 S.W.2d 623, 625–26 (Tex. 1996); Weiner v. Wasson, 900 S.W.2d
316, 317 n.2 (Tex. 1995). Accordingly, we hold that the Mint Apartments was
entitled to summary judgment on Andrews’s negligence claims because the Mint
Apartments conclusively established it owed no duty to Nickerson. 
          We overrule Andrews’s sole point of error to the extent that it argued that the
trial court erred by granting the Mint Apartments’s motion for summary judgment.
Late Summary-Judgment Response
          Also under her sole point of error, Andrews argues the trial court erred by
denying her motion to vacate the order granting summary judgment and by denying
her motion for new trial. Andrews specifically contends that her motion for new trial
should have been granted because the evidence attached to Andrews’s motion to
vacate the order granting summary judgment and motion for new trial established that
her failure to file a response to the Mint Apartments’s motion for summary judgment
was not intentional or the result of conscious indifference on her part, that she had a
meritorious defense, and that granting the motion would occasion no delay or
otherwise work an injury to the Mint Apartments. We construe Andrews’s challenge
on appeal and below to be that the trial court erred because it denied Andrews’s
request to file a belated summary-judgment response.


 See Wheeler v. Green, 157
S.W.3d. 439, 442 (Tex. 2005) (holding that although appellant never filed motion to
allow belated summary-judgment response, arguments and requests in her motion for
new trial were sufficient to put trial court on notice of exactly that complaint);


 Tex.
R. App. P. 33.1(a); see also Stephens v. Dolcefino, 126 S.W.3d 120, 133–34 (Tex.
App.—Houston [1st Dist.] 2003, pet. denied) (holding that trial court may accept
summary judgment evidence filed late, even after summary judgment, as long as court
affirmatively indicates in record that it accepted or considered that evidence).
          Because we have already held that even considering Ash’s affidavit, the risk
that Nickerson would be targeted for murder was not foreseeable to the Mint
Apartments, error, if any, in failing to consider Andrews’s belated summary-judgment
evidence would have been harmless as a matter of law. 
          Accordingly, we overrule all of Andrews’s challenges under her sole point of
error. 

Conclusion 
          We affirm the judgment of the trial court.  
 
 
                                                             
                                                             Tim Taft
                                                             JusticePanel consists of Justices Taft, Higley, and Bland.