TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00786-CV






James Francis Bagan, Appellant



v.



Karl Hays and the Estate of Edwin J. Terry, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. D-1-GN-07-001155, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 







M E M O R A N D U M O P I N I O N


 This is a legal-malpractice case stemming from a divorce suit between James Bagan
("Bagan") and Pamela Bagan ("Pamela"). Approximately two years after the divorce became final,
Pamela sued Bagan for violation of the divorce decree, and the two parties later agreed to a
settlement. Bagan then filed suit against two attorneys who had represented him in the divorce suit,
alleging legal malpractice, breach of fiduciary duty, and breach of contract. The attorneys moved
for summary judgment, and the trial court granted summary judgment on all grounds. Bagan then
filed a motion for new trial, which was denied by the trial court. Bagan appeals, asserting that the
trial court erred in granting summary judgment and in denying his motion for new trial. Because we
find no error in the trial court's determinations, we affirm the trial court's order granting summary
judgment in favor of the attorneys, and we affirm the trial court's order denying Bagan's motion for
new trial. 


BACKGROUND

 In March 2002, Pamela filed for divorce from Bagan. Bagan hired Ted Terry to
represent him in the divorce proceedings. Karl Hays, who worked in Terry's law office, served as
the primary attorney representing Bagan in the proceedings. 

 Bagan and Pamela eventually reached an agreement on the terms of their divorce, and
in September 2002, the trial court entered an Agreed Final Decree of Divorce ("the divorce decree"). 
The divorce decree required Bagan to pay Pamela $650,000 in cash and to execute a promissory note
("the note") for $750,000. The note was due thirty months after the divorce. The divorce decree also
provided that Bagan's business partner, Roger Beasley, would personally guarantee the note. (1) In
addition, the divorce decree provided that Pamela would keep her interest in three car dealerships
owned by the couple until Bagan paid the note:


 Upon receipt of payment in full of the proceeds of the Bagan Note, including all
principal and interest, [Pamela] is ordered to sign all documents necessary to convey
to [Bagan] all of her interest in and to the following business entities, which shall
thereafter be the sole and separate property of [Bagan]:


 Roger Beasley Imports, Inc.

 Autogroup, Inc.

 Victoria Lincoln Mercury, Inc.


 It is ordered that [Pamela] shall have all rights of ownership in and rights of
distribution for said entities until the Bagan note is paid in full, but [Bagan] shall pay
all obligations associated with said ownership and/or in any way referable to the
above entities and shall hold [Pamela] harmless therefor. 

 

 In August 2004, Pamela sued Bagan and Beasley, alleging breach of contract and
seeking enforcement of the divorce decree. In her petition, she asserted that Bagan had sold the three
car dealerships listed in the divorce decree, thus damaging her security on the note, and that he had
not yet paid the note. Hays, who was no longer working with Terry, filed an answer on behalf of
Bagan. Beasley did not file an answer, and in January 2005, a default judgment was granted against
him in the amount of $105,776. When Bagan learned of the default judgment against Beasley, a
dispute arose between Bagan and Hays as to whether Hays had agreed to represent and file an answer
for Beasley in the lawsuit. Bagan advised Hays that he wanted a new attorney, and Hays withdrew
as Bagan's counsel. 

 In January 2007, Bagan and Pamela entered into a settlement agreement in which
Pamela released all of her claims in her lawsuit in exchange for a payment from Bagan. (2) Pamela also
non-suited her claims against Beasley in exchange for a payment from Beasley. 

 In April 2007, Bagan sued Terry's estate (3) and Hays ("the defendants") for legal
malpractice, breach of fiduciary duty, and breach of contract. Specifically, Bagan alleged that Hays
and Terry negligently drafted the divorce decree and failed to file an answer on behalf of Beasley in
Pamela's post-divorce lawsuit. The defendants moved for summary judgment on all of Bagan's
claims, and the trial court granted summary judgment on all grounds. Bagan filed a motion for new
trial, which was denied by the trial court. Bagan appeals from the trial court's order granting
summary judgment in favor of the defendants and the trial court's order denying his motion
for new trial. (4) 


STANDARD OF REVIEW

 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). We take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in the non-movant's favor. Id. 

 A "traditional" motion for summary judgment is properly granted when the movant
establishes that there are no genuine issues of material fact and that he or she is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471
(Tex. 1991); Holmstrom v. Lee, 26 S.W.3d 526, 530 (Tex. App.--Austin 2000, no pet.). A
defendant seeking summary judgment must negate as a matter of law at least one element of each
of the plaintiff's theories of recovery or prove as a matter of law each element of an affirmative
defense. Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). 

 A party seeking a "no-evidence" summary judgment must assert that there is no
evidence of one or more essential elements of the claims on which the non-movant will have the
burden of proof at trial. Tex. R. Civ. P. 166a(i); Holmstrom, 26 S.W.3d at 530. If the nonmovant
fails to produce more than a scintilla of probative evidence raising a genuine issue of material fact
as to each challenged element on which he has the burden of proof, summary judgment is proper. 
Holmstrom, 26 S.W.3d at 530. More than a scintilla of evidence exists if the evidence would allow
reasonable and fair-minded people to differ in their conclusions. Forbes, Inc. v. Granada
Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003). 


DISCUSSION

 Bagan raised four claims in his petition, asserting that the defendants: (1) committed
legal malpractice by negligently drafting the divorce decree; (2) committed legal malpractice by
failing to file an answer on behalf of Beasley in the post-divorce suit; (3) breached their fiduciary
duty to Bagan by failing to file an answer on behalf of Beasley; and (4) breached their contract with
Bagan by failing to file an answer on behalf of Beasley. The defendants moved for summary
judgment on all of Bagan's claims, and the trial court granted summary judgment on all grounds. 
We address each of Bagan's claims below. 


Claim for Negligent Drafting of Divorce Decree

 In his petition, Bagan alleged that the defendants committed legal malpractice by
negligently drafting a portion of the divorce decree, which led to a lawsuit filed by Pamela against
Bagan and Beasley. The portion of the divorce decree of which Bagan complained states:

 It is ordered that [Pamela] shall have all rights of ownership in and rights of
distribution for [the three car dealerships] until the Bagan note is paid in full, but
[Bagan] shall pay all obligations associated with said ownership and/or in any way
referable to the [three car dealerships] and shall hold [Pamela] harmless therefor.



 To prevail on a legal-malpractice claim, a plaintiff must prove that: (1) the defendant
owed the plaintiff a duty; (2) the defendant breached that duty; (3) the breach proximately caused
the plaintiff's injury; and (4) the plaintiff suffered damages. See Akin, Gump, Strauss, Hauer
& Feld, L.L.P. v. National Dev. & Research Corp., 299 S.W.3d 106, 112 (Tex. 2009). The
defendants moved for a traditional summary judgment on this claim on the ground that the two-year
statute of limitations applicable to legal-malpractice claims bars the claim. They also moved for a
no-evidence summary judgment on the ground that Bagan provided no evidence to establish the
standard of care ordinarily exercised by an attorney under similar circumstances or a breach of the
standard of care. 

 Because we conclude that the trial court properly granted summary judgment on the
ground that Bagan failed to present any evidence of the applicable standard of care or breach of the
standard of care, we affirm the summary-judgment order as to this claim without addressing the
alternate ground. See Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 157 (Tex. 2004) ("We
affirm the summary judgment if any of the theories presented to the trial court and preserved for
appellate review are meritorious."); Centeq Realty, 899 S.W.2d at 197 (summary judgment is proper
when defendant negates at least one element of each of plaintiff's theories of recovery). 

 In the defendants' motion for summary judgment, they argued that a plaintiff in a
legal-malpractice suit is required to present expert testimony to establish the applicable standard of
care and breach of the standard of care and that because Bagan did not do so, the defendants were
entitled to summary judgment on this claim. See Zenith Star Ins. Co. v. Wilkerson, 150 S.W.3d 525,
530 (Tex. App.--Austin 2004, no pet.) ("Because a lawyer is held to the standard of care that would
be exercised by a reasonably prudent attorney, expert testimony of an attorney is usually necessary
to establish the standard of skill and care ordinarily exercised by an attorney."). In his brief on
appeal, Bagan concedes that the general rule requires a plaintiff to present expert testimony to
establish the standard of care in legal-malpractice cases, but he alleges that his case falls within an
exception to the rule that occurs when an attorney's lack of care and skill is so obvious that the trier
of fact can find negligence as a matter of common knowledge. Mazuca v. Schumann, 82 S.W.3d 90,
97 (Tex. App.--San Antonio 2002, pet. denied). Mazuca involved an attorney's failure to file a
lawsuit before the statute of limitations ran, and the court held that "[m]issing the statute of
limitations is a classic example of negligence that any layperson can understand," and that "[n]o
expert testimony is necessary in such cases." Id. 

 Even if this Court were to embrace the Mazuca exception--an issue we need not
decide--the exception would not apply here. Mazuca went only so far as to apply the exception to
a statute-of-limitations case, in which it was readily apparent from the face of the record that a
mistake was made in not timely filing a lawsuit. In this case, Bagan complains about an issue much
more difficult to assess: whether an attorney's drafting of a provision in the divorce decree
constituted a breach of the applicable standard of care. Unlike the statute-of-limitations error in
Mazuca, the issue of whether a provision in a divorce decree demonstrates a breach of the applicable
standard of care is not an issue "that any layperson can understand." Bagan also does not cite, and
we have not found, any legal authority that would support an extension of the exception to the
situation in this case. 

 Further, in support of his argument that this Court should extend the Mazuca
exception to this case, Bagan states only that "[i]t is obvious, based on the facts, that Hays was
negligent. The language in the [divorce decree] clearly did not adequately protect the interests of
[Bagan] since it resulted in the filing of the Post-Divorce Lawsuit." However, Bagan does not cite
to any evidence or legal authority to support his conclusions, and we have not found any authority
for the proposition that the filing of a post-judgment lawsuit automatically means that the attorney
involved in negotiating and drafting the terms of the judgment committed legal malpractice. 
Accordingly, we reject this argument. 

 Bagan further argues that even if he were required to present expert testimony to
establish the standard of care, he was justified in not doing so at the time the summary-judgment
motion was filed because the parties' attorneys had agreed to postpone any trial dates and expert
designations until after the summary-judgment motion was resolved. In support of his argument,
Bagan points to the affidavit of his attorney, in which his attorney stated:


 An agreement existed between me and opposing counsel to continue the trial setting
from the December 1, 2008 trial which would also extend the deadlines to designate
expert witnesses, motions related to trial dates and other trial related deadlines that
would be postponed until Defendant's Motion for Summary Judgment was resolved. 
It was my understanding at the time that plaintiff would be allowed to designate an
expert should one be necessary that would prove up the elements of this claim. The
first time I heard otherwise was when defendant filed its Motion for Summary
Judgment. 



Bagan does not point to any other evidence to establish that there was an existing agreement. 

 In order for agreements between attorneys or parties to be enforceable, the agreements
must be in writing, signed, and filed in the record of the case. See Tex. R. Civ. P. 11. Once the
existence of an agreement becomes disputed, it is unenforceable unless it comports with the rule 11
requirements. See London Market Cos. v. Schattman, 811 S.W.2d 550, 552 (Tex. 1991). Here, the
defendants disputed the existence of an agreement in the trial court, and they continue to do so on
appeal. Specifically, in their reply to Bagan's response to their motion for summary judgment, the
defendants stated that they disputed that an agreement existed, and they filed an affidavit from their
attorney in which the attorney stated that "[t]he 'agreement' described by [Bagan's counsel] does not,
and never did, exist." The defendants' attorney further explained in his affidavit that he discussed
the possibility of a continuance of the trial date with Bagan's attorney but that the trial date was not
tied to the deadline to designate expert witnesses, which had already expired, and he did not at any
point agree to an extension of the deadline to designate expert witnesses. 

 Because the defendants dispute the existence of an agreement extending the deadline
for designating expert witnesses, and because Bagan has not provided any evidence that the alleged
agreement satisfied the requirements of rule 11 of the rules of civil procedure, we reject Bagan's
argument that an agreement between the attorneys relieved him of the requirement of providing
expert testimony by the time the summary-judgment motion was filed. See Tex. R. Civ. P. 11;
Schattman, 811 S.W.2d at 552. 

 Having rejected Bagan's arguments that the trial court erred in concluding that he
failed to provide any evidence of an applicable standard of care, we affirm the trial court's order
granting summary judgment on Bagan's legal-malpractice claim for negligent drafting of a divorce
decree. See Joe, 145 S.W.3d at 157. 

Claims for Failure to File Answer on Behalf of Beasley

 A. Legal Malpractice

 Bagan contends that the trial court erred in granting summary judgment on his claim
that Hays committed legal malpractice by failing to file an answer on behalf of Beasley in Pamela's
post-divorce lawsuit. In their motion for summary judgment, the defendants asserted that Bagan's
legal-malpractice claim should fail because: (1) the defendants did not have a duty to file an answer
for Beasley because they had no attorney-client relationship with him; (2) Bagan did not have
standing to bring a claim on behalf of Beasley; and (3) Bagan did not establish that he suffered
damages. The defendants also moved for summary judgment on a no-evidence ground, asserting that
Bagan raised no evidence that the defendants breached a standard of care. As previously stated, the
trial court granted the defendants' motion for summary judgment "on all grounds." 

 On appeal, Bagan does not address two of the grounds on which the trial court granted
summary judgment. Specifically, he does not address the defendants' assertions that: (1) they did
not have a duty to file an answer on behalf of Beasley; and (2) Bagan did not have standing to bring
the claim on behalf of Beasley. When the trial court's judgment rests upon more than one
independent ground or defense, the aggrieved party must assign error to each ground, or the
judgment will be affirmed on the ground to which no complaint is made. Scott v. Galusha,
890 S.W.2d 945, 948 (Tex. App.--Fort Worth 1994, writ denied); Bailey v. Rogers, 631 S.W.2d
784, 786 (Tex. App.--Austin 1982, no writ). Because the trial court granted summary judgment on
all grounds, and because Bagan does not complain of two of the grounds on which the trial court
based its summary judgment for this claim, we affirm the trial court's summary judgment with
regard to Bagan's legal-malpractice claim for failure to file an answer on behalf of Beasley. (5) Scott,
890 S.W.2d at 948; Bailey, 631 S.W.2d at 786. 


 B. Breach of Fiduciary Duty and Breach of Contract

 In addition to legal malpractice, Bagan also alleged in his petition that Hays's failure
to file an answer for Beasley constituted a breach of fiduciary duty and a breach of contract. In the
defendants' motion for summary judgment, they contended that the claims for breach of fiduciary
duty and breach of contract were the result of Bagan improperly fracturing his legal-malpractice
claim and should therefore be dismissed. 

 On appeal, Bagan does not address his claims for breach of fiduciary duty or breach
of contract. Accordingly, we affirm the trial court's summary judgment with respect to those claims. 
See Scott, 890 S.W.2d at 948; Bailey, 631 S.W.2d at 786. 


CONCLUSION

 Having found no error in the trial court's determinations, we affirm the trial court's
order granting summary judgment in favor of the defendants. Because the summary judgment was
proper, and because Bagan's motion for new trial raised no additional issues, we also affirm the
trial court's order denying Bagan's motion for new trial. 


 

 __________________________________________ David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: August 12, 2010
1. Beasley signed a document guaranteeing the note in August 2002.
2. Bagan had previously paid Pamela the $750,000 due on the note. 
3. Terry passed away before Bagan filed suit.
4. The defendants argue that this Court does not have jurisdiction over an appeal from the trial
court's summary-judgment order because Bagan identified only the trial court's order denying his
motion for new trial in his notice of appeal. The defendants are correct that Bagan's notice of appeal
stated that he was appealing only from the trial court's denial of his motion for new trial. However,
in the order denying Bagan's motion for new trial, the trial court specifically described the motion
for new trial as one "with respect to the Court's Order granting Defendants' Motion for Summary
Judgment," and Bagan's motion for new trial states generally that the trial court "erred . . . in
granting the summary judgment." Although the appellate rules provide that a notice of appeal must
"state the date of the . . . order appealed from," see Tex. R. App. P. 25.1(d)(2), we must construe the
rules reasonably but liberally, so that the right of appeal is not lost by creating a requirement not
absolutely necessary from the literal words of the rule. Maxfield v. Terry, 888 S.W.2d 809, 811
(Tex. 1994). We have jurisdiction over any appeal in which the appellant files an instrument in a
bona fide attempt to invoke appellate jurisdiction. Grand Prairie Indep. Sch. Dist. v. Southern Parts
Imps., Inc., 813 S.W.2d 499, 500 (Tex. 1991). Considering these principles in combination with the
circumstances of this case, we conclude that the notice of appeal is sufficient to perfect an appeal
from the order granting summary judgment. Accordingly, we use the standard of review governing
summary judgments. 
5. The defendants also moved for summary judgment with respect to the claim against Terry for
failure to file an answer on behalf of Beasley, arguing that Terry was not in any way involved in
Hays's representation of Bagan in Pamela's post-divorce suit. In an affidavit attached to the
defendants' motion for summary judgment, Hays stated that he had left Terry's law office and was
practicing with another attorney by the time that Pamela filed her lawsuit against Bagan and Beasley. 
Thus, he stated, when he filed an answer on behalf of Bagan, he was not working with Terry, and
Terry had no involvement in the suit. Bagan does not raise this issue on appeal. Because the trial
court granted summary judgment on all grounds--including the ground that Terry had no
involvement in the post-divorce lawsuit--and because Bagan does not complain about this ground
on appeal, we affirm the trial court's order with respect to this issue. See Scott v. Galusha,
890 S.W.2d 945, 948 (Tex. App.--Fort Worth 1994, writ denied); Bailey v. Rogers, 631 S.W.2d
784, 786 (Tex. App.--Austin 1982, no writ).