James P. BAILEY, Appellant,

v.

James ROGERS and Russell Keyser, Individually and d/b/a Rogers and Keyser, Accountants, Appellees.

No. 13422.

Court of Appeals of Texas, Austin.

March 24, 1982.

James P. Bailey, Baytown, for appellant.

W. David Deaderick, Gibbins, Burrow, Wash & Bratton, Austin, for appellees.

PHILLIPS, Chief Justice.

Appellant has been before us once before in *Bailey v. Tuck*, 591 S.W.2d 605 (Tex.Civ. App.1979, writ ref'd n. r. e.), in which he sought a partnership dissolution, a final accounting, and compensatory and exemplary damages. Another phase of the continuing controversy was treated by this Court in *Bailey v. Travis*, 596 S.W.2d 291 (Tex.Civ. App.1980, writ ref'd n. r. e.).

Appellees are accountants who were appointed by the trial court to prepare a special report of the accounts of the partners to be filed in *Bailey v. Tuck, supra*. After an adverse judgment in that cause, appellant filed the suit at bar alleging appellees were negligent and prejudiced against him in the preparation of their report and in their testimony at trial. Appellant also asserts the jury's answer of "none" to the special issue on appellant's damages in the former case was a proximate result of appellees' negligence and bias. The trial court rendered summary judgment for appellees.

Appellant appears before us *pro se* with a long and detailed compilation of the grievances he believes have been perpetrated against him by a number of people, including the courts, and, of course, the appellees here. We understand his indigna-

tion but are compelled to conclude he has not stated a cause of action sufficient for this Court to grant him any relief.

■■■ We hold that the trial court correctly granted summary judgment for appellees because the evidence establishes that all of appellees' acts or omissions of which appellant did or could complain were absolutely privileged communications uttered or published in the due course of a judicial proceeding.

An absolutely privileged communication is one which by reason of the occasion on which it is made no remedy can be had in a civil action. *Aransas Harbor Terminal Railway v. Taber*, 235 S.W. 841, 842 (Tex. Comm'n App.1921, judgment adopted). The concept of providing absolute immunity from civil liability for certain participants in the judicial process is deeply rooted in Texas law. The public policy considerations are to "encourage unrestrained access to the courts and full development of the facts...." *Clark v. Grigson*, 579 S.W.2d 263, 265 (Tex.Civ.App.1978, writ ref'd n. r. e.). It is well settled in Texas that "[a]ny communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged," *Reagan v. Guardian Life Insurance Co.*, 140 Tex. 105, 166 S.W.2d 909, 912 (Tex.1942), and that "no action in damages will lie for such communication even though same be false and uttered and published with malice." *Bloom v. A. H. Robins Co.*, 479 S.W.2d 780 (Tex.Civ.App.1972, no writ), *cert. denied*, 410 U.S. 983, 93 S.Ct. 1504, 36 L.Ed.2d 179 (1973). *See also Chandler v. Gillis*, 589 S.W.2d 552 (Tex.Civ.App.1979, writ ref'd n. r. e.).

This rule has been specifically applied to the testimony of the expert witness. *Clark v. Grigson*, 579 S.W.2d 263 (Tex.Civ.App. 1978, writ ref'd n. r. e.). In *Clark*, the court stated:

> The community has the same interest in obtaining this kind of testimony, when relevant, without the intimidating threat of a lawsuit against the expert witness. If the policy underlying the immunity is strong enough to apply in cases of delib-

erate perjury, it applies with even greater force to cases in which the adverse testimony is the result of an expert's negligence in formulating his opinion. The same principle applies, whether the action is for defamation or for malpractice. Consequently, we hold that no civil liability exists on the part of an expert witness who forms an opinion and states that opinion in the course of his testimony in a judicial proceeding, even though he may have been negligent in the process. *Id.* at 265 (citations deleted).

■■■ In addition, the trial court's judgment may also be affirmed for the reason that it rests upon two independent grounds, or defenses, to which no point of error was assigned by appellant. Appellees' motion for summary judgment was based on three grounds: absolute immunity; collateral estoppel; and, failure to state a cause of action. Appellant has assigned error only to the defense of absolute immunity. The other two grounds, collateral estoppel and failure to state a cause of action, each provides an independent basis for affirming the trial court's summary judgment against appellant. Because appellant did not complain of either of these two independent grounds, and because the district court did not specify the basis of its judgment, we may affirm the case on this point alone. Where a judgment may rest upon more than one ground, the party aggrieved by the judgment must assign error to each ground or the judgment will be affirmed on the ground to which no complaint is made. In such situations, it is said that the appellant has waived his right to complain of the ruling to which no error was assigned. *Johnson v. Coggeshall*, 578 S.W.2d 556, 560 (Tex.Civ.App.1979, no writ); *Independence Insurance Co. v. Republic National Life Insurance Co.*, 447 S.W.2d 462 (Tex.Civ.App. 1969, writ ref'd n. r. e.).

■■■ Appellant presented his case before the trial court and this Court *pro se*. He repeatedly alluded to the fact that he is not a lawyer, with the implication this Court should make some allowance therefor. This we cannot do. Having made the determi-

nation to try and to appeal his case without counsel, appellant stands before us as any other litigant and his case must be determined by this Court as any other appeal.

The judgment of the trial court is in all things affirmed.