IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-197-CV





COLATEX LAND COMPANY, ACTING BY ITS MANAGING PARTNER


R. E. CHALMERS, AND R. E. CHALMERS, INDIVIDUALLY



 APPELLANTS


vs.





ROBERT L. BOYD,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 459,130, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 




 The original obligor on a note sued the parties who
assumed his debt to recover a payment the obligor made to the
lender after the assuming parties defaulted. The trial court
rendered judgment for the obligor. The assuming parties assert the
trial court erred because the obligor did not establish the amount
of the payment. We will affirm the trial court's judgment.



BACKGROUND


 Robert L. Boyd owned a lot in Hays County that was
improved with a fourplex. In 1983, Boyd traded the property to the
Colatex Land Company and R. E. Chalmers ("Colatex") for land
Colatex owned in Colorado. As part of this transaction, Colatex
assumed Boyd's indebtedness of approximately $154,000 to First
Federal Savings and Loan of New Braunfels, which was secured by the
fourplex. First Federal accepted the assumption, but expressly
refused to release Boyd from liability on the note.

 About five years later, Colatex defaulted on its
payments, so First Federal accelerated the note and posted the
property for foreclosure. First Federal purchased the fourplex at
the foreclosure for $117,500 based on a "drive-by" appraisal. Two
months later, in December 1988, First Federal obtained a detailed
appraisal of the property. Noting that the property was run down,
the appraiser valued it at $94,000. First Federal then listed the
property for sale at $95,000.

 Boyd learned of Colatex's default and the consequent
foreclosure. He contacted First Federal, apparently to ascertain
whether he would be liable for a deficiency. First Federal
asserted entitlement to $54,266.26, representing the deficiency on
the note, penalties, interest, and attorney's fees. After
negotiations, First Federal agreed to accept $39,000 from Boyd in
return for releasing him from liability on the note.

 To finance this settlement, Boyd devised a transaction
whereby First Federal would loan him $140,000, $39,000 of which
Boyd would use to pay the deficiency. Boyd would use $95,000 to
repurchase his former fourplex, and the remaining $6,000 for
repairs. Boyd expected to lease the fourplex for an amount
sufficient to cover the loan payments. First Federal accepted
Boyd's proposal.

 In March 1989, after this deal closed, Boyd sued Colatex
for the $39,000 he had paid First Federal. Boyd alleged three
theories: breach of contract, subrogation, and indemnity. The
trial court rendered partial summary judgment in favor of Boyd on
the issue of liability, expressly reserving for trial the issue of
damages. After a bench trial, the court rendered judgment for Boyd
for $39,000, plus attorney's fees and interest. The parties did
not request and the trial court did not file findings of fact and
conclusions of law.

 Colatex asserts four points of error, alleging that the
evidence was legally and factually insufficient to establish that
Boyd suffered $39,000 in damages. Specifically, Colatex contends
that Boyd did not establish that the fair market value of the
fourplex was $95,000 when he repurchased it, so that $39,000 of the
note was available to pay the deficiency, or that a $39,000
deficiency resulted from the foreclosure.

 Boyd argues in support of his judgment that Colatex
waived error because it has not appealed the indemnity action, and
that the evidence is sufficient to support the award of $39,000 in
damages. We agree with both arguments.



DISCUSSION AND HOLDINGS


A. The Indemnity Action

 Boyd asserts that Colatex waived any error as to his
indemnity cause of action and so we must affirm the judgment. We
agree. If a judgment may rest upon more than one ground, the party
aggrieved by the judgment must assign error to each ground or the
appellate court will affirm the judgment on the ground to which the
party did not assign error. State Farm Mutual Automobile Ins. Co.
v. Cowley, 468 S.W.2d 353, 354 (Tex. 1971); Bailey v. Rogers, 631
S.W.2d 784, 786 (Tex. App. 1982, no writ).

 In this case, Boyd asserted three independent causes of
action: breach of contract, subrogation, and indemnity. Colatex's
points of error relate only to breach of contract and subrogation. 
Because the judgment may rest on the independent ground of
indemnity, we must affirm the judgment.



B. Legal and Factual Sufficiency

 Even if Colatex preserved error, the evidence is
sufficient to support the judgment. Colatex asserts that the
evidence is legally and factually insufficient to support a finding
that Boyd suffered $39,000 in damages. In this regard, Colatex
makes a two-pronged attack. First, Colatex contends that the fair
market value of the fourplex was greater than $95,000, so that a
smaller portion of the balance of Boyd's second loan (less the
$6,000 repair allowance) is attributable to the deficiency. 
Second, Colatex argues that Boyd did not prove the exact amount of
the deficiency on the original loan.

 In this case, the trial court made no findings of fact. 
Accordingly, we must conclusively presume that the trial court
found all questions of fact in support of the judgment. Point
Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987). 
Thus, we must presume the trial court found that the value of the
property was $95,000, so that the remainder of the loan (less the
repair allowance) is attributable to the deficiency. We must also
presume the trial court found that there was a deficiency of at
least $39,000 remaining on the original note after the foreclosure.



 1. No Evidence

 We address the no evidence point first. In analyzing a
no evidence point, we must consider only the evidence and
inferences which tend to support the challenged finding and
disregard anything to the contrary. Stafford v. Stafford, 726
S.W.2d 14, 16 (Tex. 1987).

 We conclude that there is some evidence to support a
finding that the fair market value of the property was $95,000. An
expert real estate appraiser evaluated the property in December
1988 and concluded that its value was approximately $94,000. Based
on this appraisal, First Federal listed the property for sale at
$95,000. The property remained unsold at this price for three
months. Boyd testified that he believed the property was worth
$95,000 when he bought it. Because there is some evidence that the
fair market value of the property was $95,000 when Boyd bought it,
implicitly, there is evidence that $39,000 of Boyd's second loan is
attributable to the deficiency.

 We further conclude that there is some evidence of the
amount of the deficiency for which Boyd was liable. Boyd
introduced into evidence a letter from First Federal which
specifies that the deficiency, plus interest, penalties, and
attorney's fees, was $54,266.26. This supports the conclusion that
Boyd was liable for at least $39,000 on the original loan.



 2. Insufficient Evidence

 As to Colatex's insufficient evidence challenge, we must
determine if the finding as to damages is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and
unjust. Dyson v. Olin Corp., 692 S.W.2d 456, 457 (Tex. 1985).

 To controvert the evidence reviewed above, Colatex argues
that the $117,500 First Federal paid for the fourplex at
foreclosure is conclusive as to the property's value at the time. 
We disagree. Colatex never attacked the validity of the
foreclosure. Therefore, the amount First Federal paid at
foreclosure is conclusive only as to the amount of the deficiency,
not as to the value of the property. Moreover, the record reveals
that the association based its bid on a drive-by appraisal. It was
not until First Federal actually acquired the property that it
discovered the property's deteriorated condition and changed its
valuation of the fourplex to $95,000.

 Colatex also points to deposition testimony by Boyd that
$95,000 was a "ridiculous" amount for the property. Boyd explained
at trial, however, that his comments assumed the property was in
good condition, which it was not when he repurchased it.

 To controvert the evidence regarding the amount of the
deficiency, Colatex points to First Federal's bid at the
foreclosure sale and a statement First Federal sent Colatex at the
time of the foreclosure which reflects that the principal balance
on the note, less escrow funds, was $149,552.92. From these
documents, Colatex reasons that the deficiency was approximately
$32,000 ($149,552.92 - $117,500.00). While Colatex recognizes that
it was also liable for interest, penalties, and attorney's fees, it
complains that Boyd never proved a total liability of exactly
$54,266.26. Colatex's argument is without merit.

 Boyd did not need to demonstrate that First Federal was
entitled to exactly $54,266.26. Rather, Boyd needed to establish
only his own damages. Thus, Boyd had the burden of proving the
basis for the $39,000 he paid. The evidence establishes that there
was a deficiency on the original note of at least $32,000 after the
foreclosure. Adding interest alone to this figure yields a result
in excess of $39,000.

 Considering all of this evidence, we hold that the trial
court's judgment is not so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust.



CONCLUSION


 For the above reasons, we overrule all of the appellants'
points of error and affirm the judgment of the trial court.




 ____________________________________


 Jimmy Carroll, Chief Justice


[Before Chief Justice Carroll, Justices Jones and B. A. Smith]


Affirmed


Filed: August 14, 1991


[Do Not Publish]