Opinion filed March 15, 2007


















 
 
  
 
 







 
 
  
 
 




Opinion filed March 15, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00118-CV 

                                                     __________

 

              ARDIS
KERR (A/K/A AAUDRY KERR@
A/K/A AA. J. KERR@)


                           AND
GERALDINE CUMMINGS, Appellants

 

                                                             V.

 

                    KEVIN
MUNDIE AND NICOLA MUNDIE, Appellees

 



 

                                          On
Appeal from the 29th District Court

 

                                                      Palo Pinto County, Texas

 

                                                  Trial
Court Cause No. C39597

 



 

                                             M
E M O R A N D U M   O P I N I O N








After conducting a bench trial over the course of
three days, the trial court entered judgment against Ardis Kerr (a/k/a AAudry Kerr@
a/k/a AA. J.
Kerr@) and
Geraldine Cummings in the gross amount of $413,236.56 plus attorney=s fees and interest.[1]  The trial court based its judgment in favor
of Kevin Mundie and Nicola Mundie on multiple independent theories of recovery,
including Amoney had
and received,@
conversion, fraud, and a violation of the Texas Theft Liability Act.  See Tex.
Civ. Prac. & Rem. Code Ann. ''
134.001-.005 (Vernon 2005).  

Appellees=
cause of action for money had and received is the subject of this appeal.[2]  The trial court granted a partial summary
judgment in favor of appellees on this theory of recovery prior to conducting
the bench trial.  Appellants limit their
contentions on appeal to only attacking the trial court=s
partial summary judgment on this single cause of action in their sole issue on
appeal.  Since appellants have not
challenged the other theories of recovery upon which the trial court based its
judgment, we affirm.

                                                               Background
Facts

The factual allegations lodged by the parties
against each other are somewhat complicated and disturbing.  They center on a relationship between
appellant Ardis Kerr, a resident of Palo
Pinto County,
and appellee Nicola Mundie, a former resident of Singapore, that started over the
Internet.  There are claims of trickery
and deceit by spouses against each other that involve large sums of money.  We do not need to delve into these
allegations, however, because of the procedural nature of this appeal.

                                                                        Analysis








When the trial court=s
judgment rests upon more than one independent ground or defense, the aggrieved
party must assign error to each ground or the judgment will be affirmed on the
ground to which no complaint is made.  Scott v. Galusha, 890 S.W.2d 945, 948
(Tex. App.CFort
Worth 1994, writ denied); Bailey v. Rogers, 631 S.W.2d 784, 786 (Tex.
App.CAustin
1982, no writ).  As noted above, the
trial court rendered judgment in favor of appellees on the theories of
conversion, fraud, and a violation of the Texas Theft Liability Act in addition
to the cause of action for money had and received.  Appellants=
failure to challenge these independent theories of recovery requires us to
affirm the trial court=s
judgment.[3]  Appellants=
sole issue on appeal is overruled.  

                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

March 15, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]The judgment reflects that appellants were entitled to
offsets of over $300,000 to be credited against the gross judgment amount of
$413,236.56.





[2]AMoney had and received@ is an
equitable action that may be maintained to prevent unjust enrichment when one
person obtains money, which in equity and good conscience belongs to another. J.C.
Penney Co. v. Pitts, 139 S.W.3d 455, 457 n.4 (Tex. App.CCorpus Christi 2004, no pet.) (citing Staats v.
Miller, 243 S.W.2d 686, 687 (Tex.
1951)). A cause of action for money had and received is not based on wrongdoing
but, instead, Alooks only to the justice of the case and inquires
whether the defendant has received money which rightfully belongs to another.@ Amoco Prod. Co. v. Smith, 946 S.W.2d 162, 164
(Tex. App.CEl Paso 1997, no writ). 
In short, it is an equitable doctrine applied to prevent unjust
enrichment. Hunt v. Baldwin, 68 S.W.3d 117, 132 (Tex. App.CHouston
[14th Dist.] 2001, no pet.); Phippen v. Deere & Co., 965 S.W.2d 713,
725 (Tex. App.CTexarkana 1998, no pet.).

 





[3]Appellants= efforts
to challenge the other theories of recovery would probably have been adversely
affected by the absence of a request for the trial court to prepare findings of
fact and conclusions of law.  See Holt
Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83 (Tex.1992) (in a nonjury
trial, where no findings of fact or conclusions of law are filed or requested,
it is implied that the trial court made all necessary findings to support its
judgment).  We note in this regard that
appellants were pro se at the time that the trial court entered its final
judgment.