# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00786-CV

**James Francis Bagan, Appellant**

**v.**

**Karl Hays and the Estate of Edwin J. Terry, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-07-001155, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is a legal-malpractice case stemming from a divorce suit between James Bagan ("Bagan") and Pamela Bagan ("Pamela"). Approximately two years after the divorce became final, Pamela sued Bagan for violation of the divorce decree, and the two parties later agreed to a settlement. Bagan then filed suit against two attorneys who had represented him in the divorce suit, alleging legal malpractice, breach of fiduciary duty, and breach of contract. The attorneys moved for summary judgment, and the trial court granted summary judgment on all grounds. Bagan then filed a motion for new trial, which was denied by the trial court. Bagan appeals, asserting that the trial court erred in granting summary judgment and in denying his motion for new trial. Because we find no error in the trial court's determinations, we affirm the trial court's order granting summary judgment in favor of the attorneys, and we affirm the trial court's order denying Bagan's motion for new trial.

## BACKGROUND

In March 2002, Pamela filed for divorce from Bagan. Bagan hired Ted Terry to represent him in the divorce proceedings. Karl Hays, who worked in Terry's law office, served as the primary attorney representing Bagan in the proceedings.

Bagan and Pamela eventually reached an agreement on the terms of their divorce, and in September 2002, the trial court entered an Agreed Final Decree of Divorce ("the divorce decree"). The divorce decree required Bagan to pay Pamela $650,000 in cash and to execute a promissory note ("the note") for $750,000. The note was due thirty months after the divorce. The divorce decree also provided that Bagan's business partner, Roger Beasley, would personally guarantee the note.[1] In addition, the divorce decree provided that Pamela would keep her interest in three car dealerships owned by the couple until Bagan paid the note:

> Upon receipt of payment in full of the proceeds of the Bagan Note, including all principal and interest, [Pamela] is ordered to sign all documents necessary to convey to [Bagan] all of her interest in and to the following business entities, which shall thereafter be the sole and separate property of [Bagan]:
>
> > Roger Beasley Imports, Inc.
> > Autogroup, Inc.
> > Victoria Lincoln Mercury, Inc.
>
> It is ordered that [Pamela] shall have all rights of ownership in and rights of distribution for said entities until the Bagan note is paid in full, but [Bagan] shall pay all obligations associated with said ownership and/or in any way referable to the above entities and shall hold [Pamela] harmless therefor.

---

[1] Beasley signed a document guaranteeing the note in August 2002.

2

In August 2004, Pamela sued Bagan and Beasley, alleging breach of contract and seeking enforcement of the divorce decree. In her petition, she asserted that Bagan had sold the three car dealerships listed in the divorce decree, thus damaging her security on the note, and that he had not yet paid the note. Hays, who was no longer working with Terry, filed an answer on behalf of Bagan. Beasley did not file an answer, and in January 2005, a default judgment was granted against him in the amount of $105,776. When Bagan learned of the default judgment against Beasley, a dispute arose between Bagan and Hays as to whether Hays had agreed to represent and file an answer for Beasley in the lawsuit. Bagan advised Hays that he wanted a new attorney, and Hays withdrew as Bagan's counsel.

In January 2007, Bagan and Pamela entered into a settlement agreement in which Pamela released all of her claims in her lawsuit in exchange for a payment from Bagan.[2] Pamela also non-suited her claims against Beasley in exchange for a payment from Beasley.

In April 2007, Bagan sued Terry's estate[3] and Hays ("the defendants") for legal malpractice, breach of fiduciary duty, and breach of contract. Specifically, Bagan alleged that Hays and Terry negligently drafted the divorce decree and failed to file an answer on behalf of Beasley in Pamela's post-divorce lawsuit. The defendants moved for summary judgment on all of Bagan's claims, and the trial court granted summary judgment on all grounds. Bagan filed a motion for new trial, which was denied by the trial court. Bagan appeals from the trial court's order granting

---

[2] Bagan had previously paid Pamela the $750,000 due on the note.

[3] Terry passed away before Bagan filed suit.

summary judgment in favor of the defendants and the trial court's order denying his motion for new trial.[4]

## STANDARD OF REVIEW

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Id.*

A "traditional" motion for summary judgment is properly granted when the movant establishes that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.). A defendant seeking summary judgment must negate as a matter of law at least one element of each

---

[4] The defendants argue that this Court does not have jurisdiction over an appeal from the trial court's summary-judgment order because Bagan identified only the trial court's order denying his motion for new trial in his notice of appeal. The defendants are correct that Bagan's notice of appeal stated that he was appealing only from the trial court's denial of his motion for new trial. However, in the order denying Bagan's motion for new trial, the trial court specifically described the motion for new trial as one "with respect to the Court's Order granting Defendants' Motion for Summary Judgment," and Bagan's motion for new trial states generally that the trial court "erred . . . in granting the summary judgment." Although the appellate rules provide that a notice of appeal must "state the date of the . . . order appealed from," *see* Tex. R. App. P. 25.1(d)(2), we must construe the rules reasonably but liberally, so that the right of appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule. *Maxfield v. Terry*, 888 S.W.2d 809, 811 (Tex. 1994). We have jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke appellate jurisdiction. *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imps., Inc.*, 813 S.W.2d 499, 500 (Tex. 1991). Considering these principles in combination with the circumstances of this case, we conclude that the notice of appeal is sufficient to perfect an appeal from the order granting summary judgment. Accordingly, we use the standard of review governing summary judgments.

of the plaintiff's theories of recovery or prove as a matter of law each element of an affirmative defense. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

A party seeking a "no-evidence" summary judgment must assert that there is no evidence of one or more essential elements of the claims on which the non-movant will have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Holmstrom*, 26 S.W.3d at 530. If the nonmovant fails to produce more than a scintilla of probative evidence raising a genuine issue of material fact as to each challenged element on which he has the burden of proof, summary judgment is proper. *Holmstrom*, 26 S.W.3d at 530. More than a scintilla of evidence exists if the evidence would allow reasonable and fair-minded people to differ in their conclusions. *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003).

**DISCUSSION**

Bagan raised four claims in his petition, asserting that the defendants: (1) committed legal malpractice by negligently drafting the divorce decree; (2) committed legal malpractice by failing to file an answer on behalf of Beasley in the post-divorce suit; (3) breached their fiduciary duty to Bagan by failing to file an answer on behalf of Beasley; and (4) breached their contract with Bagan by failing to file an answer on behalf of Beasley. The defendants moved for summary judgment on all of Bagan's claims, and the trial court granted summary judgment on all grounds. We address each of Bagan's claims below.

***Claim for Negligent Drafting of Divorce Decree***

In his petition, Bagan alleged that the defendants committed legal malpractice by negligently drafting a portion of the divorce decree, which led to a lawsuit filed by Pamela against Bagan and Beasley. The portion of the divorce decree of which Bagan complained states:

5

It is ordered that [Pamela] shall have all rights of ownership in and rights of distribution for [the three car dealerships] until the Bagan note is paid in full, but [Bagan] shall pay all obligations associated with said ownership and/or in any way referable to the [three car dealerships] and shall hold [Pamela] harmless therefor.

To prevail on a legal-malpractice claim, a plaintiff must prove that: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the breach proximately caused the plaintiff's injury; and (4) the plaintiff suffered damages. *See Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. National Dev. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009). The defendants moved for a traditional summary judgment on this claim on the ground that the two-year statute of limitations applicable to legal-malpractice claims bars the claim. They also moved for a no-evidence summary judgment on the ground that Bagan provided no evidence to establish the standard of care ordinarily exercised by an attorney under similar circumstances or a breach of the standard of care.

Because we conclude that the trial court properly granted summary judgment on the ground that Bagan failed to present any evidence of the applicable standard of care or breach of the standard of care, we affirm the summary-judgment order as to this claim without addressing the alternate ground. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004) ("We affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious."); *Centeq Realty*, 899 S.W.2d at 197 (summary judgment is proper when defendant negates at least one element of each of plaintiff's theories of recovery).

In the defendants' motion for summary judgment, they argued that a plaintiff in a legal-malpractice suit is required to present expert testimony to establish the applicable standard of

6

care and breach of the standard of care and that because Bagan did not do so, the defendants were entitled to summary judgment on this claim. *See Zenith Star Ins. Co. v. Wilkerson*, 150 S.W.3d 525, 530 (Tex. App.—Austin 2004, no pet.) ("Because a lawyer is held to the standard of care that would be exercised by a reasonably prudent attorney, expert testimony of an attorney is usually necessary to establish the standard of skill and care ordinarily exercised by an attorney."). In his brief on appeal, Bagan concedes that the general rule requires a plaintiff to present expert testimony to establish the standard of care in legal-malpractice cases, but he alleges that his case falls within an exception to the rule that occurs when an attorney's lack of care and skill is so obvious that the trier of fact can find negligence as a matter of common knowledge. *Mazuca v. Schumann*, 82 S.W.3d 90, 97 (Tex. App.—San Antonio 2002, pet. denied). *Mazuca* involved an attorney's failure to file a lawsuit before the statute of limitations ran, and the court held that "[m]issing the statute of limitations is a classic example of negligence that any layperson can understand," and that "[n]o expert testimony is necessary in such cases." *Id*.

Even if this Court were to embrace the *Mazuca* exception—an issue we need not decide—the exception would not apply here. *Mazuca* went only so far as to apply the exception to a statute-of-limitations case, in which it was readily apparent from the face of the record that a mistake was made in not timely filing a lawsuit. In this case, Bagan complains about an issue much more difficult to assess: whether an attorney's drafting of a provision in the divorce decree constituted a breach of the applicable standard of care. Unlike the statute-of-limitations error in *Mazuca*, the issue of whether a provision in a divorce decree demonstrates a breach of the applicable standard of care is not an issue "that any layperson can understand." Bagan also does not cite, and

7

we have not found, any legal authority that would support an extension of the exception to the situation in this case.

Further, in support of his argument that this Court should extend the *Mazuca* exception to this case, Bagan states only that "[i]t is obvious, based on the facts, that Hays was negligent. The language in the [divorce decree] clearly did not adequately protect the interests of [Bagan] since it resulted in the filing of the Post-Divorce Lawsuit." However, Bagan does not cite to any evidence or legal authority to support his conclusions, and we have not found any authority for the proposition that the filing of a post-judgment lawsuit automatically means that the attorney involved in negotiating and drafting the terms of the judgment committed legal malpractice. Accordingly, we reject this argument.

Bagan further argues that even if he were required to present expert testimony to establish the standard of care, he was justified in not doing so at the time the summary-judgment motion was filed because the parties' attorneys had agreed to postpone any trial dates and expert designations until after the summary-judgment motion was resolved. In support of his argument, Bagan points to the affidavit of his attorney, in which his attorney stated:

> An agreement existed between me and opposing counsel to continue the trial setting from the December 1, 2008 trial which would also extend the deadlines to designate expert witnesses, motions related to trial dates and other trial related deadlines that would be postponed until Defendant's Motion for Summary Judgment was resolved. It was my understanding at the time that plaintiff would be allowed to designate an expert should one be necessary that would prove up the elements of this claim. The first time I heard otherwise was when defendant filed its Motion for Summary Judgment.

Bagan does not point to any other evidence to establish that there was an existing agreement.

In order for agreements between attorneys or parties to be enforceable, the agreements must be in writing, signed, and filed in the record of the case. *See* Tex. R. Civ. P. 11. Once the existence of an agreement becomes disputed, it is unenforceable unless it comports with the rule 11 requirements. *See London Market Cos. v. Schattman*, 811 S.W.2d 550, 552 (Tex. 1991). Here, the defendants disputed the existence of an agreement in the trial court, and they continue to do so on appeal. Specifically, in their reply to Bagan's response to their motion for summary judgment, the defendants stated that they disputed that an agreement existed, and they filed an affidavit from their attorney in which the attorney stated that "[t]he 'agreement' described by [Bagan's counsel] does not, and never did, exist." The defendants' attorney further explained in his affidavit that he discussed the possibility of a continuance of the trial date with Bagan's attorney but that the trial date was not tied to the deadline to designate expert witnesses, which had already expired, and he did not at any point agree to an extension of the deadline to designate expert witnesses.

Because the defendants dispute the existence of an agreement extending the deadline for designating expert witnesses, and because Bagan has not provided any evidence that the alleged agreement satisfied the requirements of rule 11 of the rules of civil procedure, we reject Bagan's argument that an agreement between the attorneys relieved him of the requirement of providing expert testimony by the time the summary-judgment motion was filed. *See* Tex. R. Civ. P. 11; *Schattman*, 811 S.W.2d at 552.

Having rejected Bagan's arguments that the trial court erred in concluding that he failed to provide any evidence of an applicable standard of care, we affirm the trial court's order granting summary judgment on Bagan's legal-malpractice claim for negligent drafting of a divorce decree. *See Joe*, 145 S.W.3d at 157.

9

*Claims for Failure to File Answer on Behalf of Beasley*

###### A. Legal Malpractice

Bagan contends that the trial court erred in granting summary judgment on his claim that Hays committed legal malpractice by failing to file an answer on behalf of Beasley in Pamela's post-divorce lawsuit. In their motion for summary judgment, the defendants asserted that Bagan's legal-malpractice claim should fail because: (1) the defendants did not have a duty to file an answer for Beasley because they had no attorney-client relationship with him; (2) Bagan did not have standing to bring a claim on behalf of Beasley; and (3) Bagan did not establish that he suffered damages. The defendants also moved for summary judgment on a no-evidence ground, asserting that Bagan raised no evidence that the defendants breached a standard of care. As previously stated, the trial court granted the defendants' motion for summary judgment "on all grounds."

On appeal, Bagan does not address two of the grounds on which the trial court granted summary judgment. Specifically, he does not address the defendants' assertions that: (1) they did not have a duty to file an answer on behalf of Beasley; and (2) Bagan did not have standing to bring the claim on behalf of Beasley. When the trial court's judgment rests upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made. *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied); *Bailey v. Rogers*, 631 S.W.2d 784, 786 (Tex. App.—Austin 1982, no writ). Because the trial court granted summary judgment on all grounds, and because Bagan does not complain of two of the grounds on which the trial court based its summary judgment for this claim, we affirm the trial court's summary judgment with

10

regard to Bagan's legal-malpractice claim for failure to file an answer on behalf of Beasley.[5] *Scott*, 890 S.W.2d at 948; *Bailey*, 631 S.W.2d at 786.

### B.      Breach of Fiduciary Duty and Breach of Contract

In addition to legal malpractice, Bagan also alleged in his petition that Hays's failure to file an answer for Beasley constituted a breach of fiduciary duty and a breach of contract. In the defendants' motion for summary judgment, they contended that the claims for breach of fiduciary duty and breach of contract were the result of Bagan improperly fracturing his legal-malpractice claim and should therefore be dismissed.

On appeal, Bagan does not address his claims for breach of fiduciary duty or breach of contract. Accordingly, we affirm the trial court's summary judgment with respect to those claims. *See Scott*, 890 S.W.2d at 948; *Bailey*, 631 S.W.2d at 786.

### CONCLUSION

Having found no error in the trial court's determinations, we affirm the trial court's order granting summary judgment in favor of the defendants. Because the summary judgment was

---

[5] The defendants also moved for summary judgment with respect to the claim against Terry for failure to file an answer on behalf of Beasley, arguing that Terry was not in any way involved in Hays's representation of Bagan in Pamela's post-divorce suit. In an affidavit attached to the defendants' motion for summary judgment, Hays stated that he had left Terry's law office and was practicing with another attorney by the time that Pamela filed her lawsuit against Bagan and Beasley. Thus, he stated, when he filed an answer on behalf of Bagan, he was not working with Terry, and Terry had no involvement in the suit. Bagan does not raise this issue on appeal. Because the trial court granted summary judgment on all grounds—including the ground that Terry had no involvement in the post-divorce lawsuit—and because Bagan does not complain about this ground on appeal, we affirm the trial court's order with respect to this issue. *See Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied); *Bailey v. Rogers*, 631 S.W.2d 784, 786 (Tex. App.—Austin 1982, no writ).

proper, and because Bagan's motion for new trial raised no additional issues, we also affirm the trial court's order denying Bagan's motion for new trial.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   August 12, 2010