# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00654-CV

**Linda Baldwin, Appellant**

**v.**

**Northrop Grumman Information Technology, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-GN-09-000402, HONORABLE LORA LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Linda Baldwin appeals from an order granting Northrop Grumman Information Technology's ("NGIT's") motion for summary judgment. Baldwin sued NGIT for damages she allegedly sustained while serving as NGIT's employee. NGIT moved for summary judgment on three bases: (1) that Baldwin failed to state a claim for which relief could be granted; (2) that Baldwin's claims were barred by res judicata; and (3) that Baldwin's claims were time-barred. The trial court granted NGIT's motion without specifying which of these bases it found meritorious. On appeal, Baldwin argues that res judicata did not bar her claims and that the trial court violated her constitutional rights by denying her a full and fair opportunity to litigate. We affirm the trial court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Baldwin worked for NGIT from 2002 to 2003. On February 10, 2003, she filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging that an NGIT employee had sexually harassed her. On September 8, 2003, the EEOC issued Baldwin a right-to-sue letter informing her that she had 90 days to sue NGIT under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e-5 (West 2003). *See id.* § 2000e-5(f)(1) (Title VII claims must be brought within 90 days of receiving right-to-sue letter).

Baldwin waited over three years to sue. She eventually filed suit in state court on January 26, 2007, alleging that NGIT had violated her rights under Title VII. NGIT removed the case to federal court and successfully moved for summary judgment under federal rule of civil procedure 12(b)(6) (failure to state a claim on which relief can be granted). The Fifth Circuit Court of Appeals affirmed. Baldwin then initiated this lawsuit on February 6, 2009.

Like Baldwin's previous suit, this suit is based on events that allegedly occurred while Baldwin worked for NGIT. In contrast to the previous suit, however, this suit does not consist of a complaint under Title VII, but rather consists of state-law claims for gross negligence, negligent misrepresentation, common-law fraud, and breach of contract. After Baldwin amended her petition several times, NGIT moved for summary judgment on the bases that (1) Baldwin failed to state a claim for which relief could be granted; (2) Baldwin's claims were barred by res judicata given the results of the federal-court litigation; and (3) Baldwin's claims were time-barred. Baldwin received a copy of NGIT's summary-judgment motion 40 days before the trial court held a hearing on the motion, but she did not file a response until the day of the hearing. The response did not address

2

NGIT's arguments directly, but rather stated only that Baldwin had newly found evidence to support her common-law fraud claim.[1]  After the hearing, the trial court granted NGIT's motion without specifying its bases for doing so.  Baldwin appeals.

## STANDARD OF REVIEW

We review a trial court's summary-judgment ruling de novo.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).  We will affirm a summary judgment if any ground presented to the trial court was meritorious.  *See Pickett v. Texas Mut. Ins. Co.*, 239 S.W.3d 826, 840 (Tex. App.—Austin 2007, no pet.).  In addition, if the appellant fails to challenge each ground for summary judgment that was advanced in the trial court, we will affirm the summary judgment on the basis of the unchallenged grounds.  *See Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied); *Bailey v. Rogers*, 631 S.W.2d 784, 786 (Tex. App.—Austin 1982, no writ).

## DISCUSSION

Baldwin assigns two points of error:

1.      "The trial court erred in granting summary judgment in favor of Defendant NGIT under a theory of res judicata as there was never a decision on the merits of Plaintiff Baldwin's claim and because two new and different causes of action were plead against NGIT."

---

[1]  This "newly found evidence" consisted of a document that had been in Baldwin's possession since 2001.

3

2.	"The trial court denied Plaintiff Baldwin her due process rights under both the Texas and United States Constitutions by granting summary judgment on res judicata when there has never been a full and fair hearing on the merits of her causes of action."

Both of these points of error concern NGIT's res judicata argument. That is to say, Baldwin does not address NGIT's statute-of-limitations argument. We can affirm the summary judgment on that basis alone. *See Scott*, 890 S.W.2d at 948 (if appellant fails to challenge each ground for summary judgment advanced in trial court, we affirm summary judgment on basis of unchallenged grounds); *Bailey*, 631 S.W.2d at 786 (same).[2] Nevertheless, we also note that Baldwin's points of error fail in their own right because Baldwin did not raise them in the trial court. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal [of summary judgment]."); *D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009) ("A [summary judgment] non-movant must present its objections to a summary judgment motion expressly by written answer or other

---

[2] Though not necessary to resolve this appeal, we note that each of Baldwin's claims was in fact time-barred as a matter of law; Baldwin's employment with NGIT ended in 2003, and Baldwin did not filed this suit until 2009. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(4) (West 2002) (statute of limitations for fraud is four years); *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (statute of limitations for breach of contract is four years); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998) (statute of limitations for negligent misrepresentation is two years); *Millan v. Dean Witter Reynolds, Inc.*, 90 S.W.3d 760, 764 (Tex. App.—San Antonio 2002, pet. denied) (statute of limitations for gross negligence is two years). Baldwin seems to argue that she was entitled to equitable tolling on her common-law fraud claim because she had newly discovered evidence, but she admits that this evidence was in her possession since 2001 and was "newly discovered" owing only to her own "forgetfulness." Forgetfulness is not a basis for equitable tolling. *See Bilinsco Inc. v. Harris County Appraisal Dist.*, 321 S.W.3d 648, 654 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (describing proper bases for equitable tolling).

written response to the motion in the trial court or that objection is waived."). We affirm the summary judgment.

_____

David Puryear, Justice

Before Justices Puryear, Henson and Goodwin

Affirmed

Filed:   January 21, 2011