TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00654-CV






Linda Baldwin, Appellant


v.


Northrop Grumman Information Technology, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. D-1-GN-09-000402, HONORABLE LORA LIVINGSTON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Linda Baldwin appeals from an order granting Northrop Grumman Information
Technology's ("NGIT's") motion for summary judgment. Baldwin sued NGIT for damages she
allegedly sustained while serving as NGIT's employee. NGIT moved for summary judgment on
three bases: (1) that Baldwin failed to state a claim for which relief could be granted; (2) that
Baldwin's claims were barred by res judicata; and (3) that Baldwin's claims were time-barred. The
trial court granted NGIT's motion without specifying which of these bases it found meritorious. On
appeal, Baldwin argues that res judicata did not bar her claims and that the trial court violated
her constitutional rights by denying her a full and fair opportunity to litigate. We affirm the trial
court's judgment.




FACTUAL AND PROCEDURAL BACKGROUND

 Baldwin worked for NGIT from 2002 to 2003. On February 10, 2003, she filed a
complaint with the Equal Employment Opportunity Commission (EEOC) alleging that an NGIT
employee had sexually harassed her. On September 8, 2003, the EEOC issued Baldwin a right-to-sue letter informing her that she had 90 days to sue NGIT under Title VII of the Civil Rights Act of
1964 ("Title VII"), 42 U.S.C.A. § 2000e-5 (West 2003). See id. § 2000e-5(f)(1) (Title VII claims
must be brought within 90 days of receiving right-to-sue letter). 

 Baldwin waited over three years to sue. She eventually filed suit in state court on
January 26, 2007, alleging that NGIT had violated her rights under Title VII. NGIT removed the
case to federal court and successfully moved for summary judgment under federal rule of civil
procedure 12(b)(6) (failure to state a claim on which relief can be granted). The Fifth Circuit Court
of Appeals affirmed. Baldwin then initiated this lawsuit on February 6, 2009.

 Like Baldwin's previous suit, this suit is based on events that allegedly occurred while
Baldwin worked for NGIT. In contrast to the previous suit, however, this suit does not consist of
a complaint under Title VII, but rather consists of state-law claims for gross negligence, negligent
misrepresentation, common-law fraud, and breach of contract. After Baldwin amended her petition
several times, NGIT moved for summary judgment on the bases that (1) Baldwin failed to state a
claim for which relief could be granted; (2) Baldwin's claims were barred by res judicata given the
results of the federal-court litigation; and (3) Baldwin's claims were time-barred. Baldwin received
a copy of NGIT's summary-judgment motion 40 days before the trial court held a hearing on the
motion, but she did not file a response until the day of the hearing. The response did not address
NGIT's arguments directly, but rather stated only that Baldwin had newly found evidence to support
her common-law fraud claim. (1) After the hearing, the trial court granted NGIT's motion without
specifying its bases for doing so. Baldwin appeals.


STANDARD OF REVIEW

 We review a trial court's summary-judgment ruling de novo. Valence Operating
Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003). We will affirm a summary judgment if any ground presented to
the trial court was meritorious. See Pickett v. Texas Mut. Ins. Co., 239 S.W.3d 826, 840 (Tex.
App.--Austin 2007, no pet.). In addition, if the appellant fails to challenge each ground for
summary judgment that was advanced in the trial court, we will affirm the summary judgment on
the basis of the unchallenged grounds. See Scott v. Galusha, 890 S.W.2d 945, 948 (Tex.
App.--Fort Worth 1994, writ denied); Bailey v. Rogers, 631 S.W.2d 784, 786 (Tex. App.--Austin
1982, no writ). 


DISCUSSION

 Baldwin assigns two points of error:



 "The trial court erred in granting summary judgment in favor of Defendant NGIT under a
theory of res judicata as there was never a decision on the merits of Plaintiff Baldwin's claim
and because two new and different causes of action were plead against NGIT."
 "The trial court denied Plaintiff Baldwin her due process rights under both the Texas and
United States Constitutions by granting summary judgment on res judicata when there has
never been a full and fair hearing on the merits of her causes of action."




Both of these points of error concern NGIT's res judicata argument. That is to say, Baldwin does
not address NGIT's statute-of-limitations argument. We can affirm the summary judgment on that
basis alone. See Scott, 890 S.W.2d at 948 (if appellant fails to challenge each ground for summary
judgment advanced in trial court, we affirm summary judgment on basis of unchallenged grounds);
Bailey, 631 S.W.2d at 786 (same). (2) Nevertheless, we also note that Baldwin's points of error fail
in their own right because Baldwin did not raise them in the trial court. See Tex. R. Civ. P. 166a(c)
("Issues not expressly presented to the trial court by written motion, answer or other response shall
not be considered on appeal as grounds for reversal [of summary judgment]."); D.R. Horton-Texas,
Ltd. v. Markel Int'l Ins. Co., 300 S.W.3d 740, 743 (Tex. 2009) ("A [summary judgment] non-movant
must present its objections to a summary judgment motion expressly by written answer or other
written response to the motion in the trial court or that objection is waived."). We affirm the
summary judgment.

 


 __________________________________________

 David Puryear, Justice

Before Justices Puryear, Henson and Goodwin

Affirmed

Filed: January 21, 2011

1. This "newly found evidence" consisted of a document that had been in Baldwin's
possession since 2001. 
2. Though not necessary to resolve this appeal, we note that each of Baldwin's claims was
in fact time-barred as a matter of law; Baldwin's employment with NGIT ended in 2003, and
Baldwin did not filed this suit until 2009. See Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(4)
(West 2002) (statute of limitations for fraud is four years); Stine v. Stewart, 80 S.W.3d 586, 592
(Tex. 2002) (statute of limitations for breach of contract is four years); HECI Exploration Co.
v. Neel, 982 S.W.2d 881, 885 (Tex. 1998) (statute of limitations for negligent misrepresentation is
two years); Millan v. Dean Witter Reynolds, Inc., 90 S.W.3d 760, 764 (Tex. App.--San Antonio
2002, pet. denied) (statute of limitations for gross negligence is two years). Baldwin seems to argue
that she was entitled to equitable tolling on her common-law fraud claim because she had newly
discovered evidence, but she admits that this evidence was in her possession since 2001 and was
"newly discovered" owing only to her own "forgetfulness." Forgetfulness is not a basis for equitable
tolling. See Bilinsco Inc. v. Harris County Appraisal Dist., 321 S.W.3d 648, 654 (Tex.
App.--Houston [1st Dist.] 2010, pet. denied) (describing proper bases for equitable tolling).