

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00472-CV

———————————————

DARRYL HEFFNER, Appellant

V.

JANELLE HAVERKAMP, PAUL WRIGHT, THE WRIGHT LAW FIRM, L.L.P.,
CHARLES BEACHLEY, BEACHLEY SMITH P.L.L.C., CHRISTOPHER
HENRY, MINOR & JESTER, P.C., AND TIFFANY WRIGHT, Appellees

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CV24-00216

Before Kerr, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

The genesis of this appeal stems from earlier litigation involving Appellant Darryl Heffner's wife's estate that included probate proceedings, *see Est. of Heffner*, No. 02-21-00419-CV, 2023 WL 3876760, at *1 (Tex. App.—Fort Worth June 8, 2023, pet. denied) (*Heffner 1*), and a civil lawsuit between Appellant and members of his family (*Heffner 2*). On June 10, 2024, Appellant (acting pro se in the trial court and now on appeal) filed this lawsuit related to the disposition of *Heffner 2*. The Appellees are some of the defendants he sued in this case, consisting of Judge Haverkamp, who presided over *Heffner 2*, and several lawyers and law firms that had represented parties adverse to Appellant in *Heffner 1* and *Heffner 2*.[1] Appellant sought declaratory and injunctive relief against the Appellees, asserting various causes of action including fraud, breach of fiduciary duty and trust, and to quiet title or trespass to try title. All of the Appellees filed answers, some filed counterclaims, and all asserted pleas to the jurisdiction. Appellant did not file responses to the jurisdictional pleas.

On November 13, 2024, the trial court held a hearing on the Appellees' jurisdictional pleas. Appellant did not attend the hearing despite having been duly notified. The trial court granted the pleas and dismissed Appellant's claims with

---

[1]The other defendants that Appellant sued in this cause and their counterclaims against Appellant were severed from this case prior to entry of the Final Judgment. Similarly, all of the Appellees' counterclaims were non-suited prior to the entry of the Final Judgment. Appellees Haverkamp and Tiffany Wright did not assert any counterclaims against Appellant.

prejudice by interlocutory order. On April 1, 2025, Appellant filed a Rule 12 motion challenging the authority of Judge Haverkamp's counsel, the attorney general's office, to represent her. After a hearing, the Rule 12 motion was denied. The trial court entered a Final Judgment on June 13, 2025. This appeal followed. We will affirm.

## I.    Background

Appellant filed this case on June 10, 2024, related to the disposition of *Heffner 2*. Judge Haverkamp recused herself from this case. The case was handled by Senior Judge Doug Robison sitting by appointment. Appellant amended his claims on June 18, 2024, and on July 11, 2024. His claims alleged a variety of torts including fraud, breach of fiduciary duty and trust, and trespass to try/quiet title.

The Appellees filed answers, including pleas to the jurisdiction, based on immunity. Judge Haverkamp further asserted that Appellant lacked standing to sue her. On November 13, 2024, the court heard the Appellees' pleas to the jurisdiction. Appellant was given notice of the hearing but did not appear. The court granted the pleas, specifically holding that the Appellees are immune from Appellant's claims and also that Appellant lacked standing to sue Judge Haverkamp. The court, by interlocutory order, dismissed Appellant's claims against the Appellees with prejudice on November 13, 2024.[2]

---

[2]The trial court also found that Appellant's petition, originally and as amended, was facially groundless in law and in fact as to the Appellees and was filed in violation of Chapters 9 and 10, Texas Civil Practice and Remedies Code, and Rule 13, Texas Rules of Civil Procedure, as part of its dismissal with prejudice order. Appellant did not

All counterclaims by the Appellees were nonsuited. All other pending claims were severed. After conducting a hearing, which Appellant attended, the court determined that all claims between the parties had been dismissed, non-suited, or severed into a different cause number and entered a Final Judgment on June 13, 2025. In the Final Judgment, the court included a detailed recitation of the dismissals, non-suits, and severances of all claims that had been filed in the case, reflecting that all claims between all parties had been disposed of. At that hearing, the court also heard and denied Appellant's Rule 12 motion challenging the authority of the Texas Attorney General to represent Judge Haverkamp. On July 14, 2025, Appellant filed a "Motion for New Trial Regarding the 'Immunity' from Equity Issues." It was overruled by operation of law. This appeal ensued.

---

assign any error regarding this finding by the trial court in this appeal. Therefore, even assuming that Appellant did not waive his appeal by virtue of inadequate briefing, we would be compelled to affirm the trial court's judgment. *S.W. ex rel A.W. v. Arlington ISD*, 435 S.W.3d 414, 419 (Tex. App.—Fort Worth 2014, no pet.) (holding, in an appeal from an order granting a plea to the jurisdiction, that if an independent ground may fully support the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then we "must accept the validity of that unchallenged independent ground . . . and thus . . . any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment." (quoting *Britton v. Tex. Dep't of Crim. Just.*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.)). *See* Tex. Civ. Prac. & Rem. Code § 9.012(e), and Tex. R. Civ. P. 13, 215.2(b), for the court's authority to dismiss.

## II.    Analysis

### a.    Jurisdiction

Because Appellant has questioned whether the trial court's Final Judgment is actually final, we must first determine whether we have jurisdiction. *Reyna v. M&J Carriers, LLC*, No. 04-24-00200-CV, 2025 WL 3019173, at *1 (Tex. App.—San Antonio Oct. 29, 2025, no pet.). Courts will deem a judgment without a conventional trial to be final "(1) [when the judgment] actually disposes of every pending claim and party or (2) [when] it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so." *Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021). We begin by deciding if the judgment is "clearly and unequivocally final on its face." *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023).

No magical words are required to determine the trial court's intent of finality. *Id.* at 155; *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020). Rather, "a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Bella Palma*, 601 S.W.3d at 801. "This standard provides an outline of several statements that, while insufficient when standing alone, together form a clear indication of finality." *Patel*, 661 S.W.3d at 155. However, other statements may also convey the trial court's intent for its judgment to be final. *Id.* (holding that a judgment that recites that it is final and appealable but is silent as to resolving all claims by all parties was still final where it provided that the Appellee had all writs and processes to aid in execution of the judgment and provided

5

that all relief not granted therein was denied). Further, the severance of an interlocutory judgment into a separate cause makes it final. *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024) (quoting *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001)); *Reyna*, 2025 WL at *2.

The Final Judgment in this case recites that it is "meant to be Final Judgment globally and completely disposing of all claims between the parties asserted in this cause number." Like the judgment in *Patel*, it expressly satisfies two of the three finality requirements, being final and disposing of all claims between all parties. *Patel*, 661 S.W.3d at 155. The intent of finality is confirmed by the thorough tracking of the trial court's disposition of all claims through severance, non-suit, or dismissal of all other remaining claims, including those asserted by Appellant against the Appellees. We hold that the trial court's Final Judgment is, in fact, final.

### b. Inadequate Briefing

Although Appellant is proceeding pro se, he must comply with all applicable procedural rules. *Castro v. Am. Express Nat'l Bank*, No. 02-23-00196-CV, 2024 WL 3059046, at *3 (Tex. App.—Fort Worth June 20, 2024, no pet.). A pro se litigant is held to the same standard that applies to a licensed attorney. *Id.*; *Brown v. Tex. Emp. Comm'n*, 801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990, writ denied). No allowance is to be made for the fact that a plaintiff is not a lawyer. *Maddox v. Hutchens*, No. 2-02-159-CV, 2003 WL 21983260, at *1 (Tex. App.—Fort Worth Aug.

6

21, 2003, no pet.); *Bailey v. Rogers*, 631 S.W.2d 784, 786 (Tex. App.—Austin 1982, no writ); *see also Smale v. Williams*, 590 S.W.3d 633, 639 (Tex. App.—Texarkana 2019, no pet.) ("The law is well settled that '[a] party proceeding pro se must comply with all applicable procedural rules' and is held to the same standards as a licensed attorney." (quoting *Paselk v. Rabun*, 293 S.W.3d 600, 611 (Tex. App.—Texarkana 2009, pet. denied)). Thus, we cannot grant Appellant any special accommodation simply because he is pro se.

> We summarized the law regarding briefing requirements in *In re J.D.*:

> Rule 38.1 of the Texas Rules of Appellate Procedure contains specific requirements for an appellant's brief. *See* Tex. R. App. P. 38.1. To comply with Rule 38.1, an appellant's brief must, among other things, "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). Merely uttering brief, conclusory statements unsupported by citation to legal authorities does not satisfy briefing requirements. *In re A.N.G.*, 631 S.W.3d 471, 476 (Tex. App.—El Paso 2021, no pet.). Indeed, "[f]ailure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

No. 02-24-00515-CV, 2025 WL 2810523, at *2 (Tex. App.—Fort Worth Oct. 2, 2025, no pet.).

An appellant waives issues on appeal if he does not adequately brief them by providing supporting arguments, substantive analysis, and appropriate citations to authorities and the record. *Carr v. Claudio*, No. 01-22-00815-CV, 2024 WL 3187354, at *4 (Tex. App.—Houston [1st Dist.] June 27, 2024, no pet.); *Marin Real Est. Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.); *Cervantes-Peterson v.*

7

*Tex. Dep't of Fam. & Protective Servs.*, 221 S.W.3d 244, 255 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). Waiver has been held to occur in several circumstances, including

> \**Kennedy v. Staples*, 336 S.W.3d 745, 754 (Tex. App.—Texarkana 2011, no pet.) (concluding issues waived due to inadequate briefing, where appellant's complaints lacked coherence);

> \**Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, 09-21-00045-CV, 2022 WL 1412303, at \*2, \*4 (Tex. App.—Beaumont May 5, 2022, no pet.) (holding where briefing contained confusing and disjointed issues, those issues were waived due to inadequate briefing);

> \**Massey v. Royall*, No. 14-02-01260-CV, 2004 WL 114989, at \*1 (Tex. App.—Houston [14th Dist.] Jan. 27, 2004, no pet.) (holding appellant's incomprehensible issue could not be addressed and presented nothing for appellate court to review);

> \**Shockley v. Yalk*, No. 07-22-00128-CV, 2023 WL 1993683, at \*2 (Tex. App.—Amarillo Feb. 14, 2023, no pet.) (declining to address any arguments potentially raised in briefing, where appellant's brief was "disorganized, rambling, . . . and incredibly hard to decipher"); and

> \**Purse v. DeJesus*, No. 01-17-00855-CV, 2019 WL 237751, at \*2–3 (Tex. App.—Houston [1st Dist.] Jan. 17, 2019, no pet.) (holding appellant waived all issues where appellant's brief did not contain any appropriate argument, analysis, discussion, or support for his purported issues).

In reviewing for briefing waiver, we are to construe briefs liberally so as not to waive the right to appellate review. *In re J.D.*, 2025 WL 2810523, at \*2. But it is not the court's responsibility to identify "possible trial court error, searching the record for facts favorable to a party's position, or conducting legal research to support a party's contentions." *In re J.O.A.M.*, Nos. 01-23-00691-CV, 01-23-00692-CV, 2024 WL 1169432, at \*23 (Tex. App.—Houston [1st Dist.] Mar. 19, 2024, no pet.); *In*

*re J.D.*, 2025 WL 2810523, at *2. "Were we to engage in such activities, we would be abandoning our role as judges and taking on the role of advocate for that party." *In re J.O.A.M.*, 2024 WL 1169432, at *23.

Appellant's First Amended Principal Brief raises 29 Issues. Issue one questions the finality of the Final Judgment. The remaining Issues blend arguments about whether the assigned judge should have been recused, whether the Attorney General had a right to represent Judge Haverkamp, whether the court erred in dismissing the claims against the Appellees based on immunity and lack of standing, the trial court's exclusion of multiple exhibits at the hearing on the entry of the Final Judgment and the Rule 12 motion, and challenges to the constitutionality of Rule 91a—which was never invoked by the Appellees or ruled on by the trial court. The arguments raised by Appellant are a confusing, disjointed, rambling, and at times belligerent stream of consciousness that occasionally include case citations but without cogent analysis regarding their applicability to the case. The same characterization applies to Appellant's reply briefs. We hold that Appellant has waived his Issues on appeal. *See Shockley*, 2023 WL 1993683, at *2; *Golden*, 2022 WL 1412303, at *2, *4; *Purse*, 2019 WL 237751, at *3.

## II.    Conclusion

Having concluded that the Final Judgment is final for purposes of appeal and having held that Appellant has waived his Issues on appeal, we affirm the judgment of the trial court.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  June 11, 2026